2012 ME 27

**April A. CASALE**

**v.**

**Randall J. CASALE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.

Decided: March 8, 2012.

Alan F. Harding, Esq., Presque Isle, for appellant April A. Casale.

James M. Dunleavy, Esq., and Jon P. Plourde, Esq., Currier & Trask, P.A., Presque Isle, on the briefs, for appellee Randall J. Casale.

Panel: ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶1] April A. Casale appeals from an amended order for protection from abuse issued in the District Court (Houlton, *O'Mara, J.*) on Randall J. Casale's motion. April contends that the court erred by modifying the terms of a prior protection order to allow Randall to have contact with her, without having held a hearing. We agree with April and vacate the judgment.

## I. BACKGROUND

[¶2] On March 25, 2010, April filed a complaint for protection from abuse against her then-husband, Randall, on behalf of herself, her child, and her and Randall's three minor children alleging abuse to her and the children throughout their seven-year marriage. At the time, April's divorce complaint, which had been filed six months earlier, was also pending in the District Court.

[¶3] That same day, March 25, 2010, the court (*O'Mara, J.*) issued an ex parte temporary protection order that, among other things, prohibited Randall from having contact with April or any of the four children and awarded April sole temporary parental rights and responsibilities of her and Randall's three children. In the temporary order, the court also set a date of May 3, 2010, for the final hearing on April's request for a permanent protection order.

[¶4] Throughout the spring and summer of 2010, the parties agreed to postpone the final hearing, and agreed to amend the temporary order to allow Randall supervised visits with the children, which was approved by the court. On July 19, 2010, also by agreement of the parties, the court consolidated the protection from abuse and divorce cases.

[¶5] In an interim order dated October 4, 2010, entered in the divorce action after a settlement conference, and by agreement of the parties, the court (*Soucy, J.*) awarded the parties shared parental rights and responsibilities for their three children, ordered primary residence of the children with April, and set forth the terms of Randall's contact with the children.[1] Because the matters had been consolidated, the divorce court also properly modified the temporary protection order to "permit the contact between plaintiff and defendant, and between defendant and his children, as outlined [in the interim divorce order]."

[¶6] On January 11, 2011, by agreement, the court (*O'Mara, J.*) issued a final protection order without a finding of abuse, which was to remain "in full force and effect until 1/10/13 unless earlier modified or vacated by order of court." The substance of that order is unclear, however, because it contains an internal inconsistency regarding contact between the parties. The order specifically prohibited Randall from having "any contact, direct or indirect," with April and all four chil-

---

1. The court required April and Randall to work with the Aroostook Mental Health Center to arrange one or more supervised visits between Randall and the children within thirty days of the order. The Center was also to evaluate Randall to determine if he could safely visit with the children on an unsuper-vised basis, and if not, to prescribe treatment for Randall to address those safety issues. Finally, the Center was to set a visitation schedule to "reintroduce" Randall to the children. Upon completion of all of these tasks, Randall would be able to begin overnight weekend visits with the children.

dren, and the court did not check either of the boxes indicating any exception to that no-contact provision. In a separate subsection of the order, however, the court also awarded April sole temporary parental rights and responsibilities of her and Randall's three children, and incorporated by reference the interim divorce order dated October 4, 2010, thereby permitting contact between April and Randall, and between Randall and his three children, subject to the requirements of the October 4 interim order entered in the divorce action.

[¶ 7] In May 2011, while the permanent protection order was in effect, the court (*O'Mara, J.*) held a contested testimonial hearing in the divorce matter. Soon thereafter, the divorce court issued a divorce judgment awarding the parties shared parental rights as to their three children, placing primary residence of the children with April, and setting an unsupervised visitation schedule between Randall and the children. In the judgment, the court required April and Randall to discuss the children and their visitation schedule as necessary, and ordered that exchanges of the children would take place "at the Orono Exit of I–95, unless otherwise agreed." [2]

[¶ 8] Approximately six weeks later, Randall moved to modify the January 11 protection order to allow the contact with April and their three children mandated by the divorce judgment. April opposed the motion, and a hearing was scheduled. When the parties appeared for the hearing, but before any hearing began, April

stated that she would not agree to an amended protection order that allowed Randall any contact with her. The court (*O'Mara, J.*) did not, however, conduct an evidentiary hearing, stating instead: "I'll go through my notes of the [divorce] . . . and if I believe I have enough information to amend the [protection order], I will. . . . If I believe I need a hearing, then I'll hold a hearing; but we did have a full hearing [in the divorce]."

[¶ 9] Two days later, without holding a hearing, the court issued an amended final protection order stating that the parties had an "opportunity for [a] full hearing," and representing that "[t]he parties have agreed to the following Order, which is made without findings of abuse." The court again prohibited Randall from having contact with April and the four children, but this time checked the boxes on the order indicating an exception to the no-contact provision "to coordinate exchanges for contacts and incidental contact during those exchanges" pursuant to the terms of the divorce judgment. The court also again awarded April temporary parental rights and responsibilities, notwithstanding the divorce judgment's permanent provision to that effect. April appeals.

## II. DISCUSSION

[¶ 10] April contends that the court erred in modifying the protection order to allow Randall to have some contact with her without conducting a hearing.[3] We review de novo the requirements

---

**2.** At some point during the litigation, Randall had moved to Cumberland.

**3.** She also argues that the court exceeded its authority in the divorce matter by purporting to approve contact otherwise prohibited by the protection order then in place. Any challenge to the visitation provisions of the

divorce judgment, however, could only be undertaken by appealing the divorce. In addition, 19–A M.R.S. § 4007(1)(G) (2011) specifically states that "[t]he court's award of parental rights and responsibilities or rights of contact is not binding in any separate action involving an award of parental rights

of the protection statute. *Connolly v. Connolly*, 2006 ME 17, ¶ 6, 892 A.2d 465.

[¶ 11] The parties do not dispute that they agreed to the terms of the first protection order prohibiting Randall from having any contact with April without any finding of abuse. The entry of that order was permissible pursuant to 19–A M.R.S. § 4007(1) (2011), which provides that the parties may "voluntarily request[ ] a consent agreement without a finding of abuse." [4] *See Connolly*, 2006 ME 17, ¶ 7, 892 A.2d 465 (stating that no hearing is required when "the plaintiff agrees to an order without a finding of abuse").

■ [¶ 12] Randall moved to modify that order pursuant to 19–A M.R.S. § 4007(2) (2011), which provides: "Upon motion by either party, for sufficient cause, the court may modify the order or agreement from time to time as circumstances require." As with the filing of an initial complaint for protection from abuse, unless the parties agree to the modification, the court must conduct a hearing to determine whether the moving party has met the burden established by section 4007(2), i.e., that modification is "require[d]" by the circumstances. *See Connolly*, 2006 ME 17, ¶¶ 7–8, 892 A.2d 465; *Rowland v. Kingman*, 1997 ME 80, ¶ 4, 692 A.2d 939.

[¶ 13] Instead of conducting a hearing, however, the court deemed the evidence presented in the parties' divorce hearing sufficient to inform its analysis of the motion to modify the protection order. The court's decision not to conduct a testimonial hearing on Randall's motion was error. We have not recognized any exception to the requirement of a hearing for matters in which the court believes it already has a sufficient understanding of the case facts. The focus of a divorce is the distribution of the parties' assets and debts, parental rights and responsibilities, and the calculation of any child or spousal support. 19–A M.R.S. §§ 901, 951–A, 1653 (2011). The focus of protection proceedings is abusive behavior and the relief necessary to prevent further such behavior. 19–A M.R.S. §§ 4001, 4002(1), 4007 (2011). Thus, although there may be significant overlap between the two, it is not a given that the evidence relevant to the divorce also constitutes the whole universe of facts relevant to protection from abuse. The court cannot substitute one type of hearing for another when the two matters are considered separately.

■ [¶ 14] When a divorce and a protection action are consolidated, as they were here, they may be heard together. For reasons unexplained by the record, both the court and the parties continued to treat the two matters as independent despite the court's consolidation order dated July 19, 2010. Although 19–A M.R.S. § 4010(2) (2011) allows, but does not mandate, that protection matters be joined with divorce proceedings, such consolida-

and responsibilities pursuant to [19–A M.R.S. §§ 1651–1659 (2011)]."

4. Although the parties have not raised the issue, we note that the scheduling of the first hearing on the first protection order did not comply with the requirements of the statute. Title 19–A M.R.S. § 4006(1) (2011) plainly requires that a protection hearing be conducted within twenty-one days of the filing of the complaint for protection from abuse. April filed her complaint on March 25, 2010, and the court issued an ex parte temporary protection order that same day. The temporary order lists the date for the full hearing as May 3, 2010, thirty-nine days later. The record discloses no explanation for the failure to schedule a hearing within the twenty-one-day deadline. Although the parties later moved to continue the hearing, which finally occurred on January 11, 2011, the initial hearing date was scheduled well beyond the statutorily imposed deadline.

tion is certainly preferable in terms of judicial economy and the litigation burdens on the parties. It is also the best practice in cases, like this one, in which allegations of violence between the parties have resulted in a no-contact order that will have to be addressed when considering contact schedules for children. Had the consolidation order been followed here, the time and expense borne by April and Randall would have been reduced.

[¶ 15]  We therefore vacate the amended final protection order and remand the matter to the District Court for it to conduct the required hearing and to determine whether Randall has met his burden to obtain a modification of the protection order.

The entry is:

Judgment vacated.  Remanded to the District Court for further proceedings consistent with this opinion.