MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 40
Docket:        Han-19-220
Submitted
  On Briefs:   November 21, 2019
Decided:       April 2, 2020

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HUMPHREY, JJ.*

PAT DOE

v.

DONALD MCLEAN

MEAD, J.

[¶1]     Pat Doe[1] appeals from a judgment of the District Court (Ellsworth, *Roberts, J.*) granting her request for a ten-year extension of a protection from abuse order against Donald McLean.  She argues that the court erred by declining to hold a hearing on the issue of whether abuse had occurred; she also contends that the court should have held a hearing on attorney fees.  We affirm the judgment.

---

   * Although Justices Alexander and Hjelm participated in the appeal, they retired before this opinion was certified.

   [1] We do not identify the plaintiff in this protection from abuse action and limit our description of events and locations in order to avoid revealing "the identity or location of the party protected under [a protection] order."  18 U.S.C.S. § 2265(d)(3) (LEXIS through Pub. L. 116-128).

## I. BACKGROUND

[¶2] We draw the following facts and procedural history from the record. *See Doe v. Tierney*, 2018 ME 101, ¶ 2, 189 A.3d 756. On January 23, 2017, Doe filed a complaint for protection from abuse against Donald McLean. *See* 19-A M.R.S. § 4005(1) (2018). The same day, the court entered a temporary order for protection from abuse, *see* 19-A M.R.S. § 4006(2) (2018), and scheduled a hearing for March 8, 2017. On the date of the hearing but before a hearing was held, the parties agreed to the entry of a two-year protective order without a finding of abuse. *See* 19-A M.R.S. § 4007(1) (2018).

[¶3] Shortly before the order was due to expire, and using a court-created form, PA-013, Rev. 11/08, Doe filed a "Motion to Extend Order for Protection . . . (and Incorporated Affidavit)," seeking to extend the protection order for ten years. *See* 19-A M.R.S. § 4007(2) (2018).

[¶4] On June 5, 2019, the court convened a hearing on Doe's motion, at which time the parties appeared, with counsel, and McLean told the court that he would agree to an extension of the order. Doe, however, requested that the court modify the order to include a finding of abuse. McLean objected, arguing that Doe had not filed a motion to modify the existing order. The court declined Doe's request to hold an evidentiary hearing on the issue of abuse on the

grounds that McLean was agreeing to an extension of the existing order and that Doe had not filed a motion to modify. Ultimately, the court granted Doe's motion to extend the order over her objection.

[¶5] Doe timely appealed. *See* 19-A M.R.S. § 4010(1) (2018); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

A.    Denial of Hearing on Doe's Request to Modify the Existing Order

[¶6] Doe's request to transform the existing agreed-upon order without a finding of abuse into an order that included a finding of abuse constitutes a request for a substantive modification of the existing order and is not properly presented to the court by a motion to extend the existing order. The court's rejection of Doe's request to treat her motion to extend as a motion to modify was well within the court's discretion, and we affirm. *See N. E. Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 433 A.2d 715, 718 (Me. 1981).

[¶7] If Doe does wish to modify the existing agreed-upon order to one that includes a finding of abuse, she may file a motion to modify, pursuant to section 4007(2), and, absent McLean's agreement to the requested modification, she is entitled to a hearing on that motion. *See Casale v. Casale*, 2012 ME 27, ¶ 12, 39 A.3d 44; *Connolly v. Connolly*, 2006 ME 17, ¶¶ 7-8,

892 A.2d 465. Upon receipt of that motion, McLean will be on notice of the specific nature of Doe's request and may then formulate an opposition, should he wish to do so.

B.     Denial of Hearing on Attorney Fees

[¶8]  Doe also argues that, because the parties disputed the existence of abuse, the court was required to hold a hearing on her request for attorney fees. The trial court "is in the best position to observe the unique nature and tenor of the litigation as it relates to a request for attorney fees." *Lee v. Scotia Prince Cruises Ltd.*, 2003 ME 78, ¶ 20, 828 A.2d 210.  In the absence of a statutory provision stating otherwise, a court is not required to conduct an additional hearing on the issue of attorney fees.  Although section 4007(1)(L-1), governing a *plaintiff's* payment of attorney fees, requires a hearing, section 4007(1)(L), governing a *defendant's* payment of attorney fees, does not mandate a hearing. 19-A M.R.S. § 4007(1)(L), (1)(L-1).  Therefore, the decision to award attorney fees is firmly committed to the court's discretion.  *Lee*, 2003 ME 78, ¶ 18, 828 A.2d 210.  We discern no abuse of discretion here.

The entry is:
                    Judgment affirmed.

Christopher K. MacLean, Esq., and Laura P. Shaw, Esq., Camden Law LLP, Camden, for appellant Pat Doe

Eric B. Morse, Esq., Strout & Payson, P.A., Rockland, for appellee Donald McLean

Ellsworth District Court docket number PA-2017-14
FOR CLERK REFERENCE ONLY