# United States Court of Appeals
## For the First Circuit

No. 06-2518

UNITED STATES OF AMERICA,

Appellee,

v.

Augustus Edgerton,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch and Lipez, Circuit Judges
and Barbadoro,* District Judge

Ronald W. Bourget, for appellant.
F. Mark Terison, Senior Litigation Counsel, U.S. Attorney's
Office, with whom Paula D. Silsby, United States Attorney, was on
brief for the appellee.

December 6, 2007

---

*Of the District of New Hampshire, sitting by designation.

**BARBADORO, District Judge.**  Defendant-Appellant, Augustus Edgerton, was convicted of violating 18 U.S.C. § 922(a)(6) by making a false statement to a firearms dealer during an attempt to purchase a firearm.  Edgerton argues on appeal that the trial judge erred when he instructed the jury that it could convict Edgerton if the government proved that he knowingly made a false statement while attempting to purchase a firearm and either "the statement was intended to or was likely to deceive the firearms dealer about a fact material to the lawfulness of the sale."  Edgerton argues that the instruction was improper because it permitted the jury to convict without proof that he made the false statement with the intention to deceive.  We affirm.

### I.

The facts are recited in the light most favorable to the verdict because this appeal follows a conviction.  United States v. O'Shea, 426 F.3d 475, 477 (1st Cir. 2005).

On January 14, 2004, Lieutenant Daniel Pelletier of the Houlton (Maine) police department personally served Edgerton with a Temporary Order for Protection from Abuse issued by a local state court judge.  The temporary order prohibited Edgerton from threatening, molesting, harassing, or otherwise disturbing the peace of Victoria French, his intermittent girlfriend and mother of his child.  The temporary order notified Edgerton of a hearing scheduled for February 2, 2004.

-2-

At the hearing, which Edgerton did not attend, the state court judge entered a permanent Order for Protection from Abuse, which prohibited Edgerton from "threatening, assaulting, molesting, attacking, harassing or otherwise abusing" French.  The permanent order stated that it was effective immediately and would remain in effect until February 1, 2006.  The order contained a notice, in capital letters and underlined, bold type: "**POSSESSION OF A FIREARM OR AMMUNITION WHILE THIS ORDER IS IN EFFECT IS PROHIBITED UNDER FEDERAL AND/OR STATE LAW IF ANY ONE OR MORE OF THE FOLLOWING BOXES HAVE BEEN CHECKED:  A-1, A-2, OR F.**"  The judge checked boxes A-1 and A-2.

Corporal Thomas Donahue of the Houlton Police Department served the permanent order on Edgerton at his home on February 15, 2004.  Donahue told Edgerton when he served the order that it would remain in effect for two years.  Donahue pointed out various aspects of the order to Edgerton, including the bold, underlined, capitalized language set forth above.

On April 1, 2004, Edgerton attempted to acquire a .45 caliber semi-automatic handgun from a federally licensed firearms dealer, MACS Trading Post, in Houlton, Maine.  As with any attempted purchase of a firearm from a licensed dealer, Edgerton was required to fill out ATF Form 4473.  Edgerton answered "No" to Question 12(h), which asks:  "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an

intimate partner or child of such partner? (See Important Notice 7)." Notice 7 defined "intimate partner" as including individuals who are parents of the purchaser's child and individuals with whom the defendant had ever cohabited.

In accordance with federal law, the firearms dealer contacted the National Instant Criminal Background Check System to verify that Edgerton was authorized to purchase the handgun. The dealer's request for approval was initially placed on delay status and was ultimately denied six days later. A criminal investigation ensued and Edgerton was indicted on July 12, 2005.

At trial, the government and Edgerton entered into a stipulation agreeing that Victoria French and the defendant had cohabited together in the past and that French is a parent of the defendant's child. The government also offered the testimony of Erik Tall, a detective with the Bangor Police Department, and Matthew Cox, the firearms dealer. Tall testified that Edgerton admitted during his initial interview that he completed the entire ATF Form 4473 himself, that he was aware of the permanent protective order, and that he "just did not read the form." The firearms dealer testified that Edgerton filled out the form himself, that he provided no assistance to Edgerton, and that he gave Edgerton unlimited time to complete the application.

Edgerton testified in his own defense, stating that he received the temporary protection order on January 15, 2004, but

that French told him the matter had been dropped. Edgerton admitted that he filled out the top of ATF Form 4473, but claimed that Cox rushed him through the second part of the form, and that Cox, not he, had filled out the answer to Question 12. Edgerton nevertheless admitted that he signed the form and certified that his answers on the form were correct.

The trial judge instructed the jury as follows on the elements of a Section 922(a)(6) violation:

> For you to find Mr. Edgerton guilty of the offense, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt.
>
> > First, that Mr. Edgerton knowingly made a false statement as charged in the indictment.
> >
> > Second, that at the time he made the statement, Mr. Edgerton was trying to buy a firearm from a licensed dealer.
> >
> > Third, that the statement was intended to or was likely to deceive the firearm dealer about a fact material to the lawfulness of the sale.

After charging the jury, the judge asked counsel if there were any objections to the instructions, and both parties answered "No."

Edgerton was convicted on March 8, 2006, and was later sentenced to a 14-month prison term.

## II.

Edgerton argues on appeal that the jury charge was improper because it permitted the jury to convict without proof that he acted with the intention to deceive. Because Edgerton failed to register his objection with the trial court, we typically would

review the charge only for plain error.  <u>United States</u> v. <u>Roberson</u>, 459 F.3d 39, 45 (1st Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1261 (2007).  Here, however, the standard of review is inconsequential because the trial judge's instructions correctly describe the requisite mens rea.

Section 922(a)(6) requires proof that the defendant knowingly made a false or fictitious statement.  This requirement, however, does not presuppose deceptive intent or even knowledge that one's conduct is unlawful.  As this court noted in <u>United States</u> v. <u>Currier</u>, "[s]ection 922(a)(6) does not require a showing that appellant 'knowingly' violated the law; it simply requires proof that appellant knowingly made a false statement."  621 F.2d 7, 10 (1st Cir. 1980) (quoting <u>Cody</u> v. <u>United States</u>, 460 F.2d 34, 38 (8th Cir. 1972)) (quotation marks omitted).

Edgerton nevertheless argues that the statutory requirement that a defendant must act knowingly is somehow undermined if a defendant could be convicted of violating Section 922(a)(6) without proof that he also acted with the intention to deceive.  This argument is belied by the statute's plain language.  In addition to requiring that a defendant must knowingly make a false statement, Section 922(a)(6) requires <u>either</u> that the defendant act with the intention to deceive <u>or</u> that his false statement is likely to deceive.  Edgerton has not explained why Congress cannot choose to punish a defendant who knowingly makes a false statement that is

likely to deceive, regardless of whether the defendant is acting with deceptive intent, and this is precisely what Congress has done in Section 922(a)(6).

The trial judge's instructions closely tracked the language of Section 922(a)(6) and properly informed the jury that it could convict if Edgerton knowingly made a false statement to a licensed firearms dealer and his statement was likely to deceive. Deceptive intent is not required if this standard is met.

AFFIRMED.