2007 ME 149

**Danielle D. L'HEUREUX**

v.

**Shawn A. MICHAUD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 1, 2007.

Decided: Dec. 20, 2007.

Benjamin W. Jenkins, Student Attorney, Cumberland Legal Aid Clinic, Portland, ME, for appellant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD and GORMAN, JJ.

CLIFFORD, J.

[¶ 1] Shawn A. Michaud appeals from a protection from abuse order entered in the District Court (Lewiston, *Tucker, J.*) on a complaint filed by his ex-wife, Danielle D. L'Heureux, on behalf of their eight-year-old daughter. Because we agree with Michaud's contention that the court erred in issuing a protection order without the parties' consent or a finding of abuse, we vacate the judgment.

## I. BACKGROUND

[¶ 2] L'Heureux and Michaud were married in 1999 and divorced in 2006. They share custody of their daughter.

[¶ 3] In January of 2007, L'Heureux filed a complaint for protection from abuse against Michaud on behalf of their daughter, alleging that Michaud slapped the child, causing bruises, and forced her to drink hot sauce. The court (*Lawrence, J.*) issued a temporary protection order against Michaud. *See* 19–A M.R.S. § 4006(2) (2006).

[¶ 4] Following a testimonial hearing on the request for a final order, *see* 19–A M.R.S. § 4006(1) (2006), the court (*Tucker, J.*) issued a one-year protection order against Michaud. Although finding that "it is not at all absolutely certain what happened here," the court decided to "keep the status quo for the time being" until the investigation could be completed. The court found that Michaud and the child are family or household members, and that "[t]he defendant presents a credible threat to the physical safety" of the child. Michaud did not consent to the issuance of the order, however, and the court made no finding that Michaud abused the child according to the definition of abuse in 19–A M.R.S. § 4002(1) (2006). The court awarded temporary parental rights and responsibilities of the child to L'Heureux, and limited Michaud's contact to visitation supervised by the Department of Health and Human Services or "as allowed under further order of Family Court or by agreement." Michaud appealed from the final order.

## II. DISCUSSION

[¶ 5] Michaud contends that the court erred in issuing a protective order against him without his consent and in the absence of any finding of abuse. We review de novo a challenge to the court's interpretation of the protection from abuse statute. *Connolly v. Connolly*, 2006 ME 17, ¶ 6, 892 A.2d 465, 466..

[¶ 6] Protection from abuse proceedings are governed by 19–A M.R.S. §§ 4001–14 (2006). A plaintiff seeking a protective order must file a complaint alleging abuse by a family or household member. 19–A M.R.S. § 4005(1). "Abuse" is defined by multiple possible behaviors, such as causing or attempting to cause bodily injury or offensive physical contact, causing the plaintiff to fear bodily injury, forcing the plaintiff to engage in particular conduct, restricting the plaintiff's movements, threatening to commit or causing to be committed a violent crime, and repeatedly following the plaintiff without reasonable cause. 19–A M.R.S. § 4002(1)(A)-(F). Final orders for protection from abuse are governed by 19–A M.R.S. § 4007, which provides, in pertinent part:

> **1. Protection order; consent agreement.** The court, after a hearing and upon a finding that the defendant has committed the alleged abuse, may grant a protective order or, upon making that finding, approve a consent agreement to bring about a cessation of abuse. This subsection does not preclude the parties from voluntarily requesting a consent agreement without a

finding of abuse. The court may enter a finding that the defendant represents a credible threat to the physical safety of the plaintiff or a minor child residing in the plaintiff's household.

19–A M.R.S. § 4007(1). Section 4007(1) then goes on to describe the types of relief the court may award in issuing a protection order. 19–A M.R.S. § 4007(1).

[¶ 7] We are now called upon to decide whether the credible threat language of section 4007(1) supports the entry of a protection from abuse order when there is no finding of abuse as defined in section 4002(1) and the parties do not consent to the order. In interpreting the meaning of a statute, we look first to its plain language. *Connolly*, 2006 ME 17, ¶ 6, 892 A.2d at 466–67. Only if the plain language of the statute is ambiguous do we look beyond that language to other indicia of legislative intent. *Whitney v. Wal–Mart Stores, Inc.*, 2006 ME 37, ¶ 22, 895 A.2d 309, 315. Statutory language is ambiguous if it is reasonably susceptible to multiple interpretations. *Competitive Energy Servs. LLC v. Pub. Utils. Comm'n*, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046.

[¶ 8] Although section 4007 does provide for a court to make a finding that the defendant presents a credible threat to the plaintiff, it does *not* state that a protection order can be issued based on a credible threat finding alone, nor does it define a "credible threat." In contrast, section 4007 explicitly states that a finding of abuse supports the issuance of a protective order, and the term "abuse" is defined in section 4002(1) in detail. It is therefore unclear from the language of the statute what consequence might flow from a credible threat finding, either in conjunction with or in the absence of an accompanying finding of abuse. Because these questions reveal an ambiguity in the statute, we examine other indicia of legislative intent to determine its meaning.

[¶ 9] The legislative history is instructive on the legislative intent underlying this statute. Section 4007 was initially enacted in 1995. P.L.1995, ch. 694, § B–2 (effective Oct. 1, 1997). The credible threat language in subsection (1), however, was not added until 1997. P.L.1997, ch. 334, § 4. In 1997, the Legislature enacted "An Act to Bring the State into Conformity with the Firearms Provisions of the Violence Against Women Provisions of the Federal Violent Crime Control Act," which added the credible threat language to section 4007, and also enacted 15 M.R.S. § 393 (2006).[1] L.D. 1791 (118th Legis.1997). The Summary accompanying the legislation reveals the purpose of these amendments:

This bill makes the penalty provisions of the crimes between family members and the domestic abuse laws consistent with each other and the federal Violent Crime Control Act.

The federal Violent Crime Control Act prohibits persons against whom certain protective orders are issued from possessing a firearm. The orders must contain specific findings or other provisions, and the prohibition applies to orders issued in all state, federal and tribal courts. This bill incorporates the federal requirements into state law to provide for enforcement by state law enforcement officers and prosecutors. This bill establishes a Class C crime for possessing a firearm while under a protective order that was issued after a

---

1. Section 393 provides that any person who has been adjudicated to "represent[] a credible threat to the physical safety of an intimate partner or a child," and who is subject to a

court order restraining such threatening or harassing conduct, may not possess a firearm. 15 M.R.S. § 393(1)(D)(1) (2006).

hearing for which the person received actual notice and at which the person had an opportunity to participate. The protective order must also either include a finding that the person represents a credible threat to the physical safety of an intimate partner or children residing in the intimate partner's household or explicitly prohibit the use, attempted use or threatened use of physical force against an intimate partner or a child. The bill incorporates federal language rather than the terms used in the protection from abuse chapter of state law in order to comply with the federal mandate requiring states to give full faith and credit to other states' protective orders.

The bill revises the protection from abuse laws in 2 ways. First, it specifically authorizes a court to make a finding that the defendant represents a credible threat to the plaintiff or minor children in the household. Second, it specifically authorizes a court to direct the defendant not to possess a firearm or other weapon for the duration of the protective order. This does not remove from the court its current discretion to order a defendant not to possess a firearm.

The bill requires a protection from abuse order to state the potential consequences of violating the order. Specifically, the order must state that possessing a firearm when the required findings and directives are made is a Class C crime.

L.D.1971, Summary (118th Legis.1997).

[¶ 10] It is apparent from this Summary that the credible threat language included in 19–A M.R.S. § 4007 and 15 M.R.S. § 393 was intended to bring Maine into compliance with federal firearms provisions. *See also United States v. Edgerton,* 510 F.3d 54 (1st Cir.2007) (discussing federal firearms provisions in conjunction with a protection from abuse order). The amendment to section 4007 affects firearms possession, but was not intended to directly impact whether a protection order is or is not entered. The amendment does not change the preexisting and still-explicit requirement that a finding of abuse is necessary to the issuance of a contested protective order. In short, the credible threat language in section 4007 is to be used in protection from abuse orders for the purpose of supporting a firearms prohibition provision in an order based on a finding of abuse, or to which the parties have agreed.

[¶ 11] As we stated in *Connolly,* 2006 ME 17, ¶¶ 7, 8, 892 A.2d at 467, section 4007 mandates that an order for protection from abuse may be issued only with a hearing and finding of abuse, or with the agreement of the parties. Because a credible threat finding alone does not support the issuance of a protective order, we need not consider Michaud's alternative contention, that there is insufficient evidence to support the court's finding that he presents a credible threat to his daughter.

The entry is:

Judgment vacated.