STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-64

JANET McCLINTOCK

       Petitioner

   v.

MAINE PUBLIC EMPLOYEES
RETIREMENT SYSTEM

       Respondent

DECISION AND ORDER

Before the court is an appeal by petitioner Janet McClintock. Petitioner seeks review, pursuant to M.R. Civ. P. 80C, of a decision by the Board of Trustees ("the Board") of the Maine Public Employees Retirement System ("MePERS") dated August 1, 2008.

## FACTS

Petitioner is an Assistant Attorney General who has worked for the Attorney General's Office since March 3, 1986. Although she was initially a full-time employee, she began working part-time (3-4 days per week) in January 1989. Notwithstanding her part-time hours, her position has been designated as "full-time" for the period relevant to this appeal.

In early 2004, petitioner sought to purchase back service credits. At that time, she discovered that her service credits were being calculated based on a ratio of 1.6 days of service per actual number of days worked. She contends that, as a part-time employee, she is entitled to benefit from 5 M.R.S.A. § 17751, which provides that any part-time employee who works 1,000 hours or more in one year is entitled to a full year of creditable service hours. Petitioner challenged the initial determination by MePERS

that § 17751 does not apply because she is not a "part-time employee," ultimately resulting in a decision by the Board, dated August 1, 2008, upholding the initial determination. Petitioner appealed that decision to this Court, filing her petition on September 3, 2008.

## STANDARD OF REVIEW

Pursuant to M.R. Civ.P. 80C, this Court reviews an agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. Centamore v. Dep't of Human Services, 664 A.2d 369, 370 (Me. 1995). When reviewing an agency's interpretation of a statute that is both administered by the agency and within the agency's expertise, the first inquiry is whether the statute is ambiguous or unambiguous. Competitive Energy Servs., LLC v. Pub. Utils. Comm'n, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046. If the statute is unambiguous, it is interpreted according to its plain language. Arsenault v. Sec'y of State, 2006 ME 111, ¶ 11, 905 A.2d 285, 288. If, instead, the statute is ambiguous, deference is given to the agency's interpretation if the interpretation is reasonable. Id.

## DISCUSSION

This case involves construction of 5 M.R.S.A. § 17751. Section 17751 directs the Board to promulgate rules that will have the effect of crediting part-time employees with a full year of creditable service if that employee is employed for more than 1,000 hours per year. 5 M.R.S.A. § 17751(3). Accordingly, the corresponding rule reads, in pertinent part, that "[a] full year of creditable service will be granted to any state employee for any calendar year during which that employee is employed for 1,000 or more hours in a part-time or seasonal position[,]" provided that certain conditions not at issue in this appeal are satisfied. Me. Pub. Employees' Ret. Sys., 94 411 CMR 401(3)(C). The Board's determination that petitioner does not qualify for a full years of

creditable service from 1989 to the present is based on its determination that petitioner is not a "part-time" employee for purposes of 5 M.R.S.A. §17751.

The first question is whether the phrase "part-time . . . employee" found in §17751 is ambiguous. To determine whether a statute is ambiguous, the court looks to whether the language "is reasonably susceptible of different interpretations," and does not award deference to the agency's conclusion that the statute is ambiguous. Competitive Energy Servs. v. PUC, 2003 ME 12, ¶ 15-16, 818 A.2d 1039, 1046. Petitioner asserts that "part-time . . . employee" refers to any employee who does not work full-time hours. Respondent asserts that this phrase refers to the employee's position. Under respondent's construction, a person designated as a "full-time" employee who only works part time hours would not be a part-time employee.

The phrase "part-time . . . employee" is not ambiguous in the context of § 17751. When enacting § 17751, the legislature was certainly aware that many employees who fit the traditional definition "part-time" workers might be designated as full-time employees for budgetary purposes. This is especially true with a statute that applies to employees who are working over 20 hours per week on average. However, the legislature declined to specify that only persons in a position classified as part-time would be eligible for the full year service credits. Rather, § 17751 simply refers to "part-time . . . employees" in the ordinary sense of the word. Respondents' argument would essentially require the Court to read the word "position" into the statute. Without some indication in the statute of statutory scheme that the "part-time," as used in § 17751, is referring to the budgetary classification of an employee rather than the ordinary meaning of the word, this Court finds no ambiguity in § 17751.

Respondent argues that the determination of whether an employee is "part-time" is a position based concept rather than a substantive concept. Specifically, respondent

points to 5 M.R.S.A. § 17001(26-A), which states "'[p]art-time . . . employee means an employee whose *employment position* is part time . . . as defined in 26 CFR Part 31."[1] (emphasis added) However, this court finds that § 17001(26-A) does not create an ambiguity, nor does it alter the plain language meaning of part-time employees.

5 M.R.S.A. § 17001(26-A) states that, unless context indicates otherwise, the term "part-time employee" is defined as in 26 C.F.R. Part 31 for purposes of the Maine Retirement System. Specifically, 26 C.F.R. 3121(b)(7)-2(d)(iii) provides that a part time employee is any employee who normally works 20 hours or less per week. This is a clear case where the context indicates otherwise, because any employee who strictly adheres to 20 hours per week for all 52 weeks would only accumulate 1040 hours.

Such a construction would render § 17751 mere surplusage, considering that it only provides full year creditable hours for part-time employees who work 1,000 hours *or more.* See Home Builders Ass'n of Me., Inc. v. Town of Eliot, 2000 ME 82, ¶ 8, 750 A.2d 566, 570 ("Surplusage occurs when a construction of one provision of a statute renders another provision unnecessary or without meaning or force."). In such cases, the court will defer to the plain meaning of the statute, and will not "rearrange statutory language to give the statute a substantively different meaning than that which would be reasonably understood from the language as written." Id. ¶ 9, 750 A.2d at 570. Because the plain language of § 17751 is not ambiguous, the Court finds a part time employee to be one who ordinarily works fewer than full time hours in their position.

If section 17001(26-A) and its reference to 26 CFR Part 31 define part-time employee for the purpose of implementing 17751, then the statute would only apply to

---

[1] Additionally, respondent has cited legislative history in support of its position. However, the Court declines to consider such history in light of the fact that the plain language of § 17751 is not ambiguous. See L'Heureux v. Michaud, 2007 ME 149, ¶ 6, 938 A.2d 801, 803 (holding "only if the plain language of the statute is ambiguous do we look beyond that language to other indicia of legislative intent").

a very limited class of employees. An employee who normally works 20 hours per week and works at least 50 weeks would qualify because they would total 1000 hours per year. However, if an employee works 19 hours per week or works less than 50 weeks, they would not qualify under 17751. If we follow the respondent's argument, section 17751 would apply to a very small group of employees. To work more than 20 hours per week would disqualify an employee because of the definition under section 17001 (26-A); to work less than 20 weeks would disqualify an employee because of the definition under 17751. Section 17001(26-A) is restrictive, whereas section 17751 is expansive. The two definitions do not make sense when read together.

Here, petitioner is a part time employee for purposes of § 17751. In the case of Assistant Attorney Generals, full time is defined as 5 days (or 40 hours) per week. As petitioner works 3-4 days (or 24-32 hours) per week, her position is a part time position for purposes of § 17751. For retirement purposes, there is little difference between a person who is classified by the Office as a "part time" employee, who works 3-4 days per week; and petitioner, who is classified as a "full time" employee, who works 3-4 days per week due. Consequently, petitioner was a part-time employee for purposes of § 17751.

The entry is:

> The Board's August 8, 2008 decision denying petitioner full year service credits for the years 1989 to present is VACATED and the case is REMANDED to the Board for proceedings consistent with this opinion.

August 27, 2009

Justice Joseph Jabar

Attorneys for Petitioners
Charles R. Priest
Law Offices of Charles Priest
P.O. Box 5140
Augusta, ME 04332-5140

Attorney for Respondent
Brenda T. Piampiano
Piampiano Law Offices
45 Forest Falls Drive, Suite B-4
Yarmouth, ME 04096

Date Filed  9/3/08          Kennebec          Docket No. AP08-64
                            County

Action    Petition for Review
                80C

## J. JABAR

Janet McClintock                    vs.    Maine Public Employees Retirement System

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Charles Priest, Esq.<br>31 Grove Street<br>PO Box 5140<br>Augusta Maine  04332 | Brenda Piampiano, Esq.<br>45 Forest Falls Drive Suite B4<br>Yarmoth Maine  04096 |

| Date of Entry | |
|---|---|
| 9/3/08 | Petition for Review, filed. s/Priest, Esq. |
| 9/17/08 | Certified copy of the Administravie Recoed from the Maine Public Employees Retirement System filed by Naomi Poland, Appeals Clerk. |
| 9/19/08 | **NOTICE AND BRIEFING SCHEDULE ISSUED**<br>Copies mailed to attys. of record. |
| ------- | Entry of Appearance, filed. |
|  | Answer to Petition for Review of Final Agency Action, filed. s/Piampiano, Esq |
| 9/26/08 | Letter from Atty. Piampiano, Esq. |
| 9/29/08 | Motion to Take Additional Evidence, filed. s/Piampiano, Esq.<br>Memorandum of Law in Support of Motion to Take Additional Evidence, filed. s/Piampiano, Esq. |
| 10/7/08 | Petitioner's Response to Respondent's Motion to Take Additional Evidence, filed. s/Priest, Esq. |
| 10/28/08 | Brief of Petitioner Janet McClintock, filed. s/Priest, Esq. |
| 11/26/08 | Brief of Respondent Maine Public Employees Retirement System, filed. s/Piampiano, Esq. |
| 12/9/08 | MOTION, Jabar, J. (12/4/08)<br>Without objection motion granted.<br>Copies mailed to attys. of record. |
| 12/15/08 | Reply Brief on Behalf of the Petitioner, Janet McClintock, filed. s/Priest, |

Notice of setting for  4/22/09

~ attorneys of record.

| Date of Entry | Docket No. _____ |
|---|---|

4/7/09 — Petitioner Janet McClintock's Motion for Continuance, filed. s/Priest

——————— MOTION TO CONTINUE, Jabar, J.
Motion granted.
Copies mailed to attys. of record.

Notice of setting for  7/9/09

Sent to attorneys of record.

7/9/09 — Hearing held with Hon. Justice Joseph Jabar, presiding.
Charles Priest, Esq. for the Petitioner and Brenda Piampiano, Esq. for the Respondent.
Oral arguments made to the Court. Court to take matter under advisement

9/2/09 — DECISION AND ORDER, Jabar, J. (8/27/09)
The Board's August 8, 2008 decision denying petitioner full year service credits for the years 1989 to present is VACATED and the case is REMANDED to the Board for proceedings consistent with this opinion.
Copies mailed to attys. of record.
Copies to repositories