MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 72
Docket:      Pen-15-243
Submitted
 On Briefs:  April 21, 2016
Decided:     May 17, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

LISA-MARIE SEGER

v.

KARLA NASON

GORMAN, J.

[¶1]  Karla Nason appeals from an amended protection from abuse order entered in the District Court (Bangor, *Lucy, J.*) on a complaint filed by Lisa-Marie Seger.  Nason argues that the court erred by (1) admitting, as excited utterances, hearsay testimony offered by Seger; (2) finding that Seger's child was entitled to a protection from abuse order against Nason's child; and (3) finding that Nason's child presents a credible threat to the physical safety of Seger's child.  Because we conclude that the court's "credible threat" finding was in error, we remand the case to the trial court with the directive that it issue a second amended protection order that does not include that finding.

2

## I. BACKGROUND

[¶2]  On April 9, 2015, Seger, on behalf of her child, filed a complaint for protection from abuse in the District Court (Bangor) against a neighbor, Nason, on behalf of Nason's child.  In her complaint, Seger stated that she did not know if Nason's child had access to a firearm, but that the child had never used a firearm in an intimidating, threatening or abusive way.  She did not request that the child's access to firearms or weapons be limited in any way.  The court (*Campbell, J.*) entered a temporary protection from abuse order that did not prohibit the child from possessing firearms or other dangerous weapons.

[¶3]  Nason and her child were served with the temporary order, and appeared, with counsel, at the final hearing.  During that hearing, Seger was the only witness.  She testified that she was not present when the events giving rise to the complaint occurred.  Over Nason's hearsay objection, the court (*Lucy, J.*) permitted Seger to recount those events as described to her by her children, determining that the children's statements constituted excited utterances pursuant to M.R. Evid. 803(2).

[¶4]  At the conclusion of the hearing, the court announced its findings concerning Nason's child's acts.  Those announced findings—which did not include a finding that the child presents a credible threat to Seger's child—are all supported by competent evidence in the record.  *See Walton v. Ireland,*

2014 ME 130, ¶ 22, 104 A.3d 883. The court entered a protection order and, in response to Nason's motion for reconsideration, stated that it was "also" finding that the child presents a credible threat to the safety of Seger's child. The court's amended final protection order included this finding, but it did not prohibit the child from possessing a firearm or other dangerous weapon. Nason appealed from the amended final order.

## II. DISCUSSION

[¶5] After careful review of the record, we conclude that Nason's arguments regarding the court's evidentiary rulings and the sufficiency of the evidence supporting the protection order are not persuasive. *See* 19-A M.R.S. §§ 4005(1), 4006(1), 4007(1) (2015); *Walton*, 2014 ME 130, ¶ 12, 104 A.3d 883; *Smith v. Hawthorne*, 2002 ME 149, ¶¶ 15-16, 804 A.2d 1133.

[¶6] Thus, we do not disturb the court's determination that Seger was entitled to a protection order, and we write only to address Nason's argument that the evidence is insufficient to support the finding that her child poses a firearm-related "credible threat" to the safety of Seger's child. This argument requires that we review the factual finding for clear error, *Walton*, 2014 ME 130, ¶ 22, 104 A.3d 883, and also requires an interpretation of 19-A M.R.S. § 4007(1), which we undertake de novo, *L'Heureux v. Michaud*, 2007 ME 149, ¶ 5, 938 A.2d 801.

4

[¶7] Section 4007(1) grants a court the authority to enter a protection order based on the grounds specified in 19-A M.R.S. § 4005(1). The statute also provides: "The court may enter a finding that the defendant represents a credible threat to the physical safety of the plaintiff or a minor child residing in the plaintiff's household." 19-A M.R.S. § 4007(1). In *Michaud*, we held that a credible threat finding cannot by itself give rise to the entry of a protection from abuse order because the statutory credible threat provision "does not change the preexisting and still-explicit requirement that a finding of abuse is necessary to the issuance of a contested protective order."[1] 2007 ME 149, ¶ 10, 938 A.2d 801.

[¶8] Reviewing the legislative history of section 4007, we concluded that the credible threat language was included as part of a legislative amendment "intended to bring Maine into compliance with federal firearms provisions." *Id.* ¶¶ 9-10. "[T]he credible threat language," we held, "is to be used in protection from abuse orders for the purpose of supporting a firearms prohibition provision in an order based on [the grounds otherwise specified in the protection from abuse statute]." *Id.* ¶ 10; *see also* 18 U.S.C.S. § 922(g)(8) (LEXIS through Pub. L. No. 114-46) (criminalizing firearm possession by persons subject to certain protection from abuse orders).

---

[1] The protection from abuse statute has been amended several times since we decided *L'Heureux v. Michaud*, 2007 ME 149, 938 A.2d 801, but the credible threat provision has not changed.

[¶9]  We now hold expressly that, even where sufficient evidence supports entry of a protection order, the credible threat finding is to be reserved for those instances in which the court finds that a specific risk related to firearms exists, and the court intends to order that the defendant not possess a firearm or other dangerous weapon.  Here, there was no evidence to suggest that a prohibition on the use of firearms was warranted.  In fact, the court did not prohibit the possession of firearms in its amended order.  Under these circumstances, the court's finding of a credible threat was in error.  We therefore remand the case for entry of a second amended order that does not include the credible threat finding.

The entry is:

> Remanded with instructions that the court issue a second amended order that does not include the credible threat finding.

---

**On the briefs:**

Eugene M. Sullivan Jr., Esq., Law Office of Joseph M. Baldacci, Bangor, for appellant Karla Nason

Lisa-Marie Seger did not file a brief

Bangor District Court docket number PA-2015-188
FOR CLERK REFERENCE ONLY