MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 192
Docket:        Pen-16-442
Submitted
  On Briefs:   May 25, 2017
Decided:       September 12, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Majority:      GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Dissent:       SAUFLEY, C.J., and ALEXANDER, J.
Dissent:       ALEXANDER, J.

SUSAN CHRETIEN

v.

RUSSELL CHRETIEN

HJELM, J.

[¶1]  Russell Chretien appeals from a now-expired order for protection from abuse entered in the District Court (Newport, *Budd, J.*) on a complaint filed by Susan Chretien.  Russell contends that the court erred by issuing the protective order after explicitly finding that he had not abused Susan but that he posed a "credible threat" to her.[1]  We conclude, first, that this appeal remains justiciable even though the protective order has expired; and, second, that because the court explicitly did not find that Russell had abused Susan, the court erred by issuing the order.

---

[1] Susan did not file a brief in this appeal.

## I. BACKGROUND

[¶2]  Susan Chretien filed a petition for a protection from abuse order against her husband, Russell Chretien, in August 2016.  The court (*Budd, J.*) held a hearing on the complaint on September 1, 2016.  During the hearing, Susan testified about two incidents of Russell's angry behavior in the summer of 2016.

[¶3]  At the conclusion of the hearing, the court orally found that both of the alleged incidents had occurred.  The court also stated, "I'm [going to] find that the defendant presents a credible threat.  *I'm not [going to] find that the plaintiff was, in fact, abused by the defendant.*"  (Emphasis added.)

[¶4]  Based on its finding of a credible threat, the court issued a protective order that was to be effective for six months, expiring on March 1, 2017.  *See* 19-A M.R.S. § 4007(2) (2016) (authorizing the court to issue an order for "a fixed period not to exceed 2 years").  The order enjoined Russell from threatening or assaulting Susan, but the order did not prohibit Russell from possessing a firearm because the court determined that such a

prohibition was not warranted.[2]   Russell timely appealed from the order. 19-A M.R.S. § 4010(1) (2016); M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶5]   Because the protective order expired of its own terms during the pendency of this appeal, we first consider whether Russell's challenge to the issuance of that order is justiciable.[3]

[¶6]   We "will decline to hear a case that has lost [its] controversial vitality and is moot because a decision by this court would not provide an appellant any real or effective relief."   *Sparks v. Sparks*, 2013 ME 41, ¶ 9, 65 A.3d 1223 (quotation marks omitted).   Even if a case has become moot, we may nonetheless address the issues presented on appeal if "sufficient collateral consequences will result from the determination of the questions presented so as to justify relief."   *Mainers for Fair Bear Hunting v. Dep't of Inland Fisheries & Wildlife*, 2016 ME 57, ¶ 7, 136 A.3d 714 (quotation marks omitted).   We also will consider issues that are "capable of repetition" if they

---

[2]   The court concluded that "there's been no testimony, other than [Russell's] testimony that he's a certified NRA safety instructor, that would cause [prohibiting Russell from possessing firearms] to be something I need to order in this case."

[3]   The issue of mootness has not been well developed by the parties.   Nonetheless, we will consider a question of mootness even sua sponte to ensure that we do not reach the merits of nonjusticiable cases.   *See In re Christopher H.*, 2011 ME 13, ¶ 10, 12 A.3d 64; *see also In re Steven L.*, 2017 ME 5, ¶ 7 n.2, 153 A.3d 764.

would "escape appellate review" because they are temporally fleeting. *Ewing v. Me. Dist. Ct.*, 2009 ME 16, ¶ 11 n.4, 964 A.2d 644.

[¶7] Twenty years ago, we declined to reach the merits of an appeal from an expired protective order where the defendant-appellant "implie[d]" that the case remained justiciable because "the finding of abuse could have collateral consequences in later litigation." *Sordyl v. Sordyl*, 1997 ME 87, ¶ 6, 692 A.2d 1386.

[¶8] Since we issued our opinion in *Sordyl*, a growing number of jurisdictions have observed that protective orders predictably generate collateral consequences affecting a party against whom the order was issued and, therefore, a presumption against mootness should apply to appeals from orders that have expired. *See, e.g.*, *Cardoso v. Soldo*, 277 P.3d 811, 815 (Ariz. Ct. App. 2012); *Putman v. Kennedy*, 900 A.2d 1256, 1258-59 (Conn. 2006); *Hamilton v. Lethem*, 193 P.3d 839, 849 (Haw. 2008); *Roark v. Roark*, 551 N.E.2d 865, 868 (Ind. Ct. App. 1990); *Piper v. Layman*, 726 A.2d 887, 891 (Md. Ct. Spec. App. 1999); *E.C.O. v. Compton*, 984 N.E.2d 787, 791 n.12 (Mass. 2013) (citing *Wooldridge v. Hickey*, 700 N.E.2d 296, 298 (Mass. Ct. App. 1998)); *Smith v. Smith*, 549 S.E.2d 912, 914 (N.C. Ct. App. 2001); *Hudson v. Hudson*, 328 S.W.3d 863, 865-66 (Tenn. 2010).

[¶9] The ongoing effects of a protective order—even one that has expired—can arise in various contexts, including family law proceedings, *see* 19-A M.R.S. § 1653(1)(B), (3)(L)[4] (2016); *see also Guardianship of Jewel M.*, 2010 ME 80, ¶¶ 24, 36, 2 A.3d 301; *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 97-98 (Minn. Ct. App. 2009); *Cardoso*, 277 P.3d at 815 (Ariz. Ct. App. 2012), and employment, housing, and educational opportunities, *see, e.g.*, *Hamilton*, 193 P.3d at 849 (Haw. 2008), *Piper*, 726 A.2d at 891; Jessica Miles, We Are Never Ever Getting Back Together: Domestic Violence Victims, Defendants, and Due Process, 35 Cardozo L. Rev. 141, 151 (2013).

[¶10] Were the expiration of a protective order sufficient to bar its appellate consideration, a person against whom an order was erroneously issued would be deprived of an opportunity to gain relief from the very real consequences of that order. Therefore, we now conclude that an appellate challenge to the issuance of a protective order remains justiciable after the order has expired, and we overrule *Sordyl* to the extent it states otherwise. *See* 1997 ME 87, ¶ 6, 692 A.2d 1386.

---

[4] For example, 19-A M.R.S. § 1653(3)(L) (2016) provides that when a court adjudicates parental rights and responsibilities with respect to a child, the court's best interest determination requires consideration of, among other factors, "[t]he existence of domestic abuse between the parents, *in the past or currently*, and how that abuse affects" the child's emotions and safety. (Emphasis added.)

6

[¶11] Reaching the merits, we now consider Russell's assertion that the issuance of a protective order against him was erroneous because the court explicitly stated that it was not finding that Russell had abused Susan. We "review de novo a challenge to the court's interpretation of the protection from abuse statute." *Sparks*, 2013 ME 41, ¶ 14, 65 A.3d 1223 (quotation marks omitted).

[¶12] When a complaint for a protective order is contested, "[t]he court, after a hearing and *upon finding that the defendant has committed the alleged abuse* . . . may grant a protective order."[5] 19-A M.R.S. § 4007(1) (2016) (emphasis added). Here, after the parties had presented their evidence during the contested hearing, the court explicitly stated that it did *not* find that Russell had abused Susan. Rather, the court found that he posed a credible threat to her safety and issued the protective order on that basis.

[¶13] In making a finding of a credible threat, the court drew on the part of section 4007(1) that states, "The court may enter a finding that the defendant represents a credible threat to the physical safety of the plaintiff . . . ." We have held, however, that a protective order *cannot* be supported by a court's finding that the defendant poses only a "credible

---

[5] Title 19-A M.R.S. § 4007(1) (2016) also authorizes the court to issue a protective order without making a finding of abuse if both parties consent—a circumstance not present here.

threat" to the plaintiff's safety. *L'Heureux v. Michaud*, 2007 ME 149, ¶ 11, 938 A.2d 801; *see also Seger v. Nason*, 2016 ME 72, ¶¶ 8-9, 138 A.3d 1221. Rather, "section 4007 mandates that an order for protection from abuse may be issued *only* with a hearing and *finding of abuse*, or with the agreement of the parties." *L'Heureux*, 2007 ME 149, ¶ 11, 938 A.2d 801 (emphasis added). As we explained:

> [T]he credible threat language included in 19-A M.R.S. § 4007 and 15 M.R.S. § 393 was intended to bring Maine into compliance with federal firearms provisions. The amendment to section 4007 [adding the "credible threat" language] affects firearms possession, but was not intended to directly impact whether a protection order is or is not entered. *The amendment does not change the preexisting and still-explicit requirement that a finding of abuse is necessary to the issuance of a contested protective order.* In short, the credible threat language in section 4007 is to be used in protection from abuse orders for the purpose of supporting a firearms prohibition provision in an order based on a finding of abuse, or to which the parties have agreed.

*Id.* ¶ 10 (emphasis added) (citation omitted). The finding of a credible threat, therefore, is not a substitute for the finding of *abuse* that the court *must* make to issue a protective order in a contested protection case. *See L'Heureux*, 2007 ME 149, ¶ 10, 938 A.2d 801. Consequently, the court erred by entering a protective order based solely on its determination that Russell posed a

8

credible threat to Susan's safety,[6] without *also* making a finding that he had abused Susan.[7]

[¶14]   Our conclusion that the court erred by issuing the protective order based *only* on its finding that Russell posed a credible threat, when the court did not *also* find that Russell had "abuse[d]" Susan, is not a dilution of the critical authority granted to the courts "to respond effectively to situations of domestic abuse . . . [and] to provide immediate, effective assistance and protections for victims of abuse."  19-A M.R.S. § 4001(4) (2016).  As we have discussed in other opinions and reiterate here, whether a defendant poses a "credible threat" to the party seeking issuance of a protective order bears only on the court's authority to include a firearms restriction in a protective order

---

[6] Even beyond improperly issuing the protective order based entirely on a finding of a credible threat, the court's invocation of the "credible threat" language itself was erroneous.  The court explicitly found that the firearms restriction was not warranted, and the protective order issued by the court did not prohibit Russell from using or possessing firearms.  Because, as we discuss in the text, the only proper purpose for a finding of a credible threat is to prohibit a defendant from possessing firearms or other dangerous weapons, the error created by the credible threat finding is demonstrated by the court's own reasoning.

[7] The Chief Justice's dissenting opinion states that because neither party requested the court to issue further findings of fact, we should infer that the court made the finding of abuse that is a necessary predicate to the issuance of a protective order.  Saufley, C.J., Dissenting Opinion ¶ 23.  As is suggested in the case cited in that dissenting opinion, however, that inferential device is used to fill gaps in a court's factual analysis.  *See Wardwell v. Duggins*, 2016 ME 55, ¶ 12, 136 A.3d 703 (stating that in our review of a court's factual analysis after the parties had not moved for the court to issue findings beyond those set out in its judgment, "we consider the facts as found expressly by the court, and . . . we will also infer that the court found any additional facts necessary to support its determination.").  Here, the court's explicit statement that it did not find that Russell had abused Susan is dispositive of the issue, and were we to infer that the court made a finding that is contrary to its express finding, we would improperly rewrite the court's own assessment of the evidence.

and is not dispositive of whether the defendant has abused plaintiff and whether a protective order should be issued in the first place. 19-A M.R.S. § 4007(1); s*ee Seger*, 2016 ME 72, ¶ 9, 138 A.3d 1221; *L'Heureux*, 2007 ME 149, ¶ 11, 938 A.2d 801. When, after a contested hearing, a court is persuaded that the defendant engaged in any type of "abuse," including engaging in any of the specific types of threatening conduct defined as "abuse" in section 4002(1),[8] the court is fully authorized to issue an order specifically designed to provide the victim with enforceable measures of protection and safety. *See* 19-A M.R.S. § 4007(1).

[¶15] Here, notwithstanding its finding that Russell posed a credible threat to Susan, the court concluded that Susan had failed to prove any form of abuse. Without the necessary predicate of a finding of abuse, the court erred in issuing a protective order, and the order—even though it has since expired—is void ab initio. We remand with instructions for the court to enter judgment against Susan on her petition for issuance of a protective order.

---

[8] The forms of threatening conduct constituting "abuse" within the meaning of the protection statutes are: "[a]ttempting to place or placing another in fear of bodily injury through any course of conduct, including . . . threatening . . . behavior"; "[c]ompelling a person by . . . threat" to engage in, or abstain from, certain conduct; and "[c]ommunicating to a person a threat to commit" certain crimes of violence in specified circumstances. 19-A M.R.S. § 4002(1)(B), (C), (E) (2016).

10

The entry is:

> Judgment vacated.   Remanded for entry of judgment for the defendant.

_____

SAUFLEY, C.J., with whom ALEXANDER, J., joins in part, dissenting.

[¶16]  I must respectfully dissent.  I agree with the Court that the appeal is not moot, and I agree with the Court's interpretation of the protection from abuse statutes.  I do not agree, however, that, in the absence of a motion for findings of fact and conclusions of law, *see* M.R. Civ. P. 52(b), the judgment entered here should be vacated.

[¶17]  Perhaps because of the unfortunate confusion created by the internally contradictory findings of the trial court, the Court today has given too little deference to the trial court's order and the findings of the court.  This has occurred in a proceeding where the Legislature has instructed that the court "shall liberally construe and apply" the domestic violence laws in order to "recognize domestic abuse as a serious crime against the individual and society" and to "expand the power of the justice system to respond effectively to situations of domestic abuse."  19-A M.R.S. § 4001(1), (4) (2016).

[¶18]   In this context, where the trial court *did enter* an order of protection from abuse, and *did find* that Chretien's angry and very physical

behavior was intended to intimidate Susan Chretien and that he did present a threat to her safety, and where the law does allow the entry of an order based on conduct that presents a threat to the alleged victim, *see* 19-A M.R.S. §§ 4002(1)(B), (C), 4005(1), 4007(1) (2016), the Court should apply its regularly applied jurisprudence to interpret the trial court's findings to support the order that was explicitly entered. As the Court acknowledges, an order of protection from abuse may be entered upon a finding that the defendant's conduct included either

- "Attempting to place or placing another in fear of bodily injury through any course of conduct, including, but not limited to, *threatening*, harassing or tormenting behavior," *id.* § 4002(1)(B) (emphasis added), or

- "Compelling a person by force, *threat of force or intimidation* to engage in conduct from which the person has a right or privilege to abstain or to abstain from conduct in which the person has a right to engage," *id.* § 4002(1)(C) (emphasis added).

[¶19] Here, the trial court did find that the defendant presented a credible threat to Susan. The Court today has carefully and correctly reminded the litigants and the trial courts that the phrase "credible threat" is read as a term of art intended to address only the findings related to a potential weapons restriction. Court's Opinion ¶ 18. When, however, a finding of a "credible threat" is accompanied by the entry of an order for

protection from abuse, we should read the trial court's decision as intending to address not the weapons restriction, but the threat addressed in section 4002(1)(B) and (C).

[¶20]  Neither the protection from abuse statutes nor any Rule of Civil Procedure requires a court to explicitly state findings when it initially decides to issue a protection from abuse order.  *See generally* 19-A M.R.S. §§ 4001-4014 (2016).  If a court has nonetheless stated findings, a party who disagrees with the court's findings of fact or conclusions of law may file a motion within fourteen days after entry of the judgment requesting that the court "amend its findings or make additional findings."  M.R. Civ. P. 52(b).  The motion "must include the proposed findings of fact and conclusions of law requested."  *Id.*  Upon such a motion, a court "may amend the judgment if appropriate."  *Id.*  The court's ultimately resulting "[f]indings of fact shall not be set aside unless clearly erroneous."  M.R. Civ. P. 52(c).

[¶21]  Here, the court found that, by punching a visor, throwing a dolly, and throwing a strap "like a major league pitcher trying to throw a fastball by a hitter," Russell Chretien "meant to express anger" toward Susan Chretien, and "she was intimidated by him."  The court applied the preponderance of the evidence standard of proof, *see* 19-A M.R.S. § 4006(1), and determined

that an order of protection from abuse should issue for six months. The court then asked if there were any other findings that Russell would like it to make, and Russell indicated that there were not any.

[¶22] The court found that Russell presented a credible threat to Susan's physical safety, but it also, somewhat inexplicably, stated that it would not find that Susan was abused by him. Neither party drew the court's attention to the statutory definition of abuse or to the necessity to find facts satisfying that definition of abuse before entering an order of protection from abuse.[9] *See* 19-A M.R.S. §§ 4002(1), 4005(1), 4007(1); *see also L'Heureux v. Michaud*, 2007 ME 149, ¶ 11, 938 A.2d 801. Nor did Russell, within fourteen days, move for findings of fact and conclusions of law so that the court would reach findings consistent with the statutes, and he did not point out to the court that the finding of a "credible threat" and order of protection would have firearms consequences that the court explicitly stated it did not intend. *See* M.R. Civ. P. 52(b); *Seger v. Nason*, 2016 ME 72, ¶ 9, 138 A.3d 1221; *L'Heureux*, 2007 ME 149, ¶ 10, 938 A.2d 801.

---

[9] Title 19-A M.R.S. § 4007(1) (2016) authorizes the entry of an order of protection from abuse upon a finding that a person engaged in "conduct described in [19-A M.R.S. § 4005(1) (2016)]." Although section 4005(1) includes, in addition to "abuse" as defined in 19-A M.R.S. § 4002(1) (2016), the commission of certain crimes, Susan did not allege, assert, or offer evidence of such criminal conduct.

14

[¶23] In the absence of such a motion, I would "infer that the court found any additional facts necessary to support its determination." *Wardwell v. Duggins*, 2016 ME 55, ¶ 12, 136 A.3d 703. Thus, I would infer that the court found that Russell, through his intimidating behavior, abused Susan by placing her in reasonable fear of bodily injury, even though he had not actually physically assaulted her and she had not suffered any actual bodily injury. *See Jusseaume v. Ducatt*, 2011 ME 43, ¶¶ 17-18, 15 A.3d 714; *see also Smith v. Hawthorne*, 2002 ME 149, ¶¶ 4, 6, 13-20, 804 A.2d 1133 (affirming a finding of abuse when the defendant yelled angrily, took the plaintiff's car keys, ordered her out of the house, and kicked a car in the yard after the plaintiff had locked herself in another car). Put another way, in light of the entry of the protection order, I would conclude that what the court meant when it found, "I'm not [going to] find that the plaintiff was, in fact, abused by the defendant," was that she had not been physically assaulted by him.

[¶24] Although the Court has identified a legal error in the judgment due to the trial court's imprecise use of legal terminology, the judgment contains factual findings sufficient to support a finding of abuse if read in the light most favorable to the trial court's order, *see Smith*, 2002 ME 149, ¶¶ 4, 6, 13-20, 804 A.2d 1133, and because the court entered an order of protection

from abuse, I would infer—in the absence of a motion for findings of fact or conclusions of law—that the court found abuse pursuant to 19-A M.R.S. § 4002(1)(B),[10] despite the inelegance of the court's stated reasoning at the close of the hearing. *See Wardwell*, 2016 ME 55, ¶ 12, 136 A.3d 703.

[¶25]  In sum, I would conclude that a trial court must be afforded the opportunity to clarify and amend its findings if the findings are unclear or contradictory, and that in the absence of a motion for amended or additional findings, *see* M.R. Civ. P. 52(b), all inferences must be made in favor of the judgment.  *See Wardwell*, 2016 ME 55, ¶ 12, 136 A.3d 703.[11]  This is particularly important where the judgment is intended to protect a litigant from actual harm and where the Legislature has urged the courts to provide "expeditious and effective protection against further abuse so that the lives of the nonabusing family or household members are as secure and uninterrupted as possible."  19-A M.R.S. § 4001(2).

[¶26]  Accordingly, I would affirm the judgment.

---

[10]  As noted above, by definition, "abuse" includes "[a]ttempting to place or placing [a family or household member] in fear of bodily injury through any course of conduct, including, but not limited to, threatening, harassing or tormenting behavior."  19-A M.R.S. § 4002(1)(B); *see also* 19-A M.R.S. § 4005(1).

[11]  Moreover, even if findings *cannot* be inferred, because of the interplay between the court's announced findings and conclusions, the matter should be remanded for the court to announce clearer findings and apply the statute as the Court has construed it.  If the finding that Susan failed to prove abuse arose from a misunderstanding of the definition of that term, for instance, remanding the matter for entry of a judgment in Russell's favor is improper.

ALEXANDER, J., dissenting.

[¶27]  I respectfully dissent.

[¶28]  In this appeal, the challenged protection from abuse order has expired.  Because the challenged order had a duration of only six months, Russell Chretien, prosecuting this appeal assisted by very experienced counsel, certainly knew that the challenged order would likely expire before we could reach the merits of his appeal.  Despite that knowledge, Russell Chretien made no effort to expedite his appeal so that the issue could be reached while the protection from abuse order and the appeal were still viable.  Further, Chretien's brief does not address the issue of mootness or suggest any exception to the mootness doctrine that might support our reaching the merits of his appeal from the now-expired protection from abuse order.

[¶29]  Perhaps more significantly, the individual who sought and received protection by the court's order has not appeared, whether from indifference or fear we know not.  Thus, on the appeal, we have only Russell Chretien's advocacy about the merits of the appeal, one side of what is certainly a two-sided story.  The record, viewed most favorably to the court's

findings, indicates that the victim faced very real risks and threats from Russell Chretien's conduct.[12]

[¶30]  Despite having before us only one side of the story and hearing only advocacy by a party who did not seek to expedite his appeal or to preserve and present the mootness issue, the Court, sua sponte, raises the mootness issue.  Without advocacy from either side, the Court reaches out and makes a major pronouncement of law, overruling an important precedent, *Sordyl v. Sordyl*, 1997 ME 87, ¶ 6, 692 A.2d 1386.  We should not reach out, overrule precedent, and change the law without at least some advocacy from the parties to the appeal.

[¶31]  There are three generally recognized exceptions to the mootness doctrine.  These circumstances may justify addressing the merits of an otherwise moot issue on appeal if

> (1)   sufficient collateral consequences will result from the determination of the issues appealed to justify relief;

> (2)   the appeal involves a question of public interest or great public concern that may repeat itself and should be addressed in the interest of providing future guidance to the bar and the public; or

---

[12]  The Chief Justice's dissent, which I join, notes the serious risks and dangers to the victim indicated in the record.

> (3)    the issue may be repeatedly presented to the trial court yet escape review at the appellate level because of its fleeting or determinate nature.

*Bailey v. Dep't of Marine Res.*, 2015 ME 128, ¶ 4, 124 A.3d 1125; *In re Christopher H.*, 2011 ME 13, ¶ 11, 12 A.3d 64; *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43,* 1999 ME 143, ¶ 17, 738 A.2d 1239.

[¶32]   Russell Chretien, the appellant, the party with the burden of persuasion on appeal,[13] has not attempted to persuade us on mootness.  He has presented nothing to suggest that any exception to the mootness doctrine should apply to his appeal of the now-expired protection order.  Russell Chretien's silence on the mootness issue is particularly problematic here where the trial court adjusted its findings, perhaps erroneously, to issue an order protecting the victim, while avoiding the major collateral consequence of an abuse finding by allowing Russell Chretien to keep his many guns.  With the major collateral consequence of the protection order having been avoided by the trial court's drafting, and with Russell Chretien having suggested no other collateral consequence of concern from the expired order, what collateral consequences there might be is left to speculation.

---

[13]   The appellant, the party seeking to vacate a trial court judgment or agency decision on appeal, bears the burden of persuasion to demonstrate error.  *See Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 13, 153 A.3d 768.

[¶33]  Speculating about collateral consequences that may remain, the Court makes its major pronouncement of law, overrules *Sordyl*, and vacates the protection order.  By its action, the Court tells the victim that she did not deserve protection on the facts she presented, and it frees Chretien from the effects, if any, of an order that, less than a year ago, the trial court felt compelled to issue to protect the victim from the credible threat that Chretien posed to her.

[¶34]  In the circumstances where Russell Chretien failed to seek to expedite his appeal and failed to preserve and present the mootness question to us, we should dismiss the appeal as moot to ensure that, by having heard only one side of the story, we do no harm.

[¶35]  I would dismiss this appeal as moot.  As the Court elects to reach the merits of the issue, I also join the Chief Justice's dissent, as to all but the mootness issue.

---

Martha J. Harris, Esq., Paine, Lynch & Harris, P.A., Bangor, for appellant Russell Chretien

Susan Chretien did not file a brief

Newport District Court docket number PA-2016-116
FOR CLERK REFERENCE ONLY