SAUFLEY, C. J„
with whom ALEXANDER, J., joins in part, dissenting.
[¶16] I must respectfully dissent. I agree with the Court that the appeal is not moot, and I agree with the Court’s interpretation of the protection from abuse statutes. I do not agree, however, that, in the absence of a motion for findings of fact and conclusions of law, see M.R. Civ. P. 52(b), the judgment entered here should be vacated.
[¶17] Perhaps because of the unfortunate confusion created by the internally contradictory findings of the trial court, the Court today has given too little deference to the trial court’s order and the findings of the court. This has occurred in a proceeding where the Legislature has instructed that the court “shall liberally construe and apply” the domestic violence laws in order to “recognize domestic abuse as a serious crime against the individual and society” and to “expand the power of the justice system to respond effectively to situations of domestic abuse.” 19-A M.R.S. § 4001(1), (4) (2016).
[¶18] In this context, where the trial court did enter an order of protection from abuse, and did find that Chretien’s angry and very physical behavior was'intended to intimidate Susan Chretien and that he did present a threat to her safety, and where the law does allow the entry of an order based on conduct that presents a threat to the alleged victim, see 19-A M.R.S. §§ 4002(1)(B), (C), 4005(1), 4007(1) (2016), the Court should apply its regularly applied jurisprudence to interpret the trial court’s findings to support the order that was explicitly entered. As the Court acknowledges, an order of protection from abuse may be entered upon a finding that the defendant’s conduct included either
• “Attempting to place or placing another in fear of bodily injury through any course of conduct, including, but not *266 limited to, threatening, ■ harassing or tormenting behavior,” id. § 4002(1)(B) (emphasis added), or
• “Compelling a person by force, threat of force or intimidation to engage in conduct from which the person has a right or privilege to abstain or to abstain from conduct .in which the person has a right to engage,” id. § 4002(1)(C) (emphasis added).
[¶19] Here, the trial court did find that the defendant presented a credible threat to Susan. The Court today has carefully and correctly reminded the litigants and the trial courts that .the phrase “credible threat” is read as a term of art intended to address only the findings related to a potential weapons restriction. Court’s Opinion ¶ 18. When, however, a finding of a “credible threat” is accompanied by the entry of an order for protection. from abuse, we should read the trial court’s decision as intending to address not the weapons restriction, but the threat addressed in section 4002(1)(B) and (C).
[¶20] Neither the protection from abuse statutes nor any Rule of Civil Procedure requires, a court to explicitly state findings when it initially decides to issue a protection from abuse order. See generally 19-A M.R.S. §§ 4001-4014 (2016). If a court has nonetheless stated findings, a party who disagrees with the court’s findings of fact or conclusions of law may file a motion within fourteen days after entry of the judgment requesting that the court “amend its -findings or make additional findings.” M.R. Civ. P. 52(b). The motion “must include the proposed findings of fact and conclusions of law requested.” Id. Upon such a motion, a court “may amend the judgment if appropriate.”. Id. The court’s ultimately resulting “[fjindings of fact shall not be set aside unless clearly erroneous.” M.R. Civ. P. 52(c). ,
[¶21] Here, the court found that, by punching a visor, throwing a dolly, and throwing a strap “like a major league pitcher trying to throw a fastball by a hitter,” Russell Chretien “meant to express anger” toward Susan1 Chretien, and “she was intimidated by him.” The court applied the preponderance of the evidence standard of proof, see 19-A M.R.S. § 4006(1), and determined that an order of protection from abuse should isisue for six months. The court then asked if there were any other findings that Rhssell would like it to make, and Russell indicated that there were not any.'
[¶22] The court found that Russell presented a credible threat to Susan’s 'physical safety, but it also, somewhat inexplicably, stated that it would not find that Susan was abused by him. Neither party drew the court’s attention to the statutory definition of abuse or to the necessity to find facts satisfying that definition of abuse before entering an order of protection from abuse.[9] See 19-A M.R.S. §§ 4002(1), 4005(1), 4007(1); see also L’Heureux v. Michaud, 2007 ME 149, ¶ 11, 938 A.2d 801. Nor did Russell, within fourteen days, move for findings of fact and conclusions of law so that the court would reach findings consistent with the statutes, and he did not point out to the court that. the finding of a “credible threat” and order of protection would have firearms consequences that the court explicitly stated it did not intend. See M.R. Civ. P. 52(b); Seger v. Nason, 2016 ME 72, ¶ 9, 138 A.3d *267 1221; L’Heureux, 2007 ME 149, ¶ 10, 938 A.2d 801.
[¶23] In the absence of such a motion, I would “infer that the court found any additional facts necessary to support its .determination.” Wardwell v. Duggins, 2016 ME 55, ¶ 12, 136 A.3d 703. Thus, I would infer that the court found that Russell, through his intimidating behavior, abused Susan by placing her in reasonable fear of bodily injury, even though he had not actually physically assaulted her and she had not suffered any actual bodily injury. See Jusseaume v. Ducatt, 2011 ME 43, ¶¶ 17-18, 15 A.3d 714; see also Smith v. Hawthorne, 2002 ME 149, ¶¶ 4, 6, 13-20, 804 A.2d 1133 (affirming, a finding of abuse when the defendant yelled angrily, took the plaintiffs car keys, ordered her out of the house, and kicked a car in the yard after the plaintiff had locked herself in another car). Put another way, in light of the entry of the protection order, I would conclude that what the court meant when it found, “I’m not [going to] find that the plaintiff was, in fact, abused by the defendant,” was that she had not been physically assaulted by him.
[¶24] Although the Court has identified a legal error in the judgment due to the trial court’s imprecise use of legal terminology, the judgment contains factual findings sufficient to support a finding of abuse if read in the light most favorable to the trial court’s order, see Smith, 2002 ME 149, ¶¶ 4, 6, 13-20, 804 A.2d 1133, and because the court entered an order of protection from abuse,.I would infer — in.the absence of a motion for findings of fact or conclusions of law — that the court found abuse pursuant to 19-A M.R.S. § 4Q02(1)(B),[10] despite the, inelegance of the court’s stated reasoning at the close of the hearing. See Wardwell, 2016 ME 55, ¶ 12, 136 A.3d 703.
[¶25] In sum, I would conclude that a trial court must be afforded the opportunity to clarify and amend its findings if the findings are unclear or contradictory, and that in the absence of a motion for amended or additional findings, see M.R. Civ. P. 52(b), all inferences must be made in favor of the judgment. See Wardwell, 2016 ME 55, ¶ 12, 136 A.3d 703.[11] This is particularly important where the judgment is intended to protect a litigant from actual harm and where the Legislature has urged the courts to provide “expeditious and effective protection against further abuse so that the lives of the nonabusing family or household members are as secure and uninterrupted as possible.” 19-A M.R.S. § 4001(2).
[¶26] Accordingly, I would affirm the judgment.

. Title 19-A M.R.S. § 4007(1) (2016) authorizes the entry of an order of protection from abuse upon a finding that a person engaged in "conduct described in [19-A M.R.S. § 4005(1) (2016)]." Although section 4005(1) includes, in addition to "abuse” as defined in 19-A M.R.S. § 4002(1) (2016), the commission of certain crimes, Susan did not allege, assert, or offer evidence of such criminal conduct.

. As noted above, by definition, "abuse” includes “[alttempting to place or placing [a family or household member] in fear of bodily injury through any course of conduct, including, but not'limited to, threatening, harassing or tormenting behavior,” 19-A M.R.S. § 4002(1)(B); see also 19-A M.R.S. § 4005(1),

. Moreover, even if findings cannot be inferred, because of the interplay between the court’s announced findings and conclusions, the matter should be remanded for the court to announce clearer findings and apply the statute as the Court has construed it. If the finding that Susan failed to prove abuse .arose from a misunderstanding of the definition of ■that term, for instance, remanding the matter for entry of a judgment in Russell’s favor is improper.