2008 ME 97

**Darlene COPP**

v.

**Scott LIBERTY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 28, 2008.

Decided: June 12, 2008.

Angus Ferguson, Esq., Portland, ME, for Scott Liberty.

Jeffrey Bennett, Esq., The Bennett Law Firm, P.A., Portland, ME, for Darlene Copp.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

Majority: CLIFFORD, ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

Concurrence: LEVY, J.

CLIFFORD, J.

[¶ 1] Scott Liberty appeals from an extended order for protection from abuse entered in the District Court (Portland, *Eggert, J.*) on Darlene Copp's motion filed on behalf of herself and her children. Liberty contends that the court erred in extending the order for a period of six years, in denying his motion to disqualify Copp's attorney, and in denying his motion for recusal of the trial court judge. We affirm the judgment.

## I. BACKGROUND

[¶ 2] This matter is the most recent in a long and bitterly contested domestic litigation between the parties. Darlene Copp and Scott Liberty were divorced in 2001. They have three children, two of whom are minors for whom Copp has sole parental rights and responsibilities.[1]

[¶ 3] In July of 2004, Copp, individually and on behalf of the three children, filed a complaint in the District Court for protection from abuse against Liberty. Following a series of evidentiary hearings, the court issued a protection order dated January 25, 2005, which was effective for two years, until January 25, 2007. Liberty appealed from the District Court's subsequent denial of his motion for relief from that judgment, and from an accompanying order of the District Court awarding fees and costs to Copp. We affirmed. *Copp v. Liberty,* Mem-06-05 (Jan. 9, 2006).

[¶ 4] On January 25, 2007, Copp moved to extend the protection order.[2] Liberty moved to disqualify Copp's attorney on the ground that the attorney was a likely witness. Liberty also sought the recusal of the trial court judge on the ground of lack of impartiality because: (1) the judge had found facts and issued orders against Liberty in previous unrelated cases, and (2) Liberty had filed a complaint against the judge that was pending with the Committee on Judicial Responsibility and Disability.

[¶ 5] The court addressed Copp's motion to extend the order on February 23, 2007. Instead of pursuing an evidentiary hearing, Copp and Liberty presented to the court their agreement to extend the protection from abuse order. They left to the court, however, the determination of two issues: (1) the duration of that extension,[3] and (2) whether Liberty should be prohibited from possessing archery equipment as one of the terms of the order.[4] The court denied Liberty's motions to disqualify and to recuse, and extended Copp's protection order against Liberty for a term of six years, until January 17, 2013. Liberty appealed.[5]

---

1. While this appeal was pending, the oldest child turned eighteen years old.

2. The court (*Eggert, J.*) granted a temporary ex parte order extending the protection order until the date of the hearing on Copp's motion.

3. Although in her initial motion, Copp sought only a two-year extension of the protection order, she later requested that the extension be for six years.

4. Liberty does not challenge that portion of the court's order prohibiting possession of archery equipment.

5. Because the February 23, 2007, hearing was not recorded, Liberty submitted a statement of the evidence in lieu of a transcript pursuant to M.R.App. P. 5(d), as did Copp. The District Court issued an order stating that it had no specific recollection of either party's presentation during the February 23 hearing, and therefore could not adopt the statement of the evidence submitted by either party. The court did recall, however, that "this was a short presentation by counsel to me on a basically agreed disposition," and that the court "was called upon to make a ruling on the issue of the length of the extension and the right of [Liberty] to have archery equipment."

## II. DISCUSSION

[¶ 6] Liberty's primary contention is that the court lacked both statutory authority and sufficient evidence to extend the protection order against him for a period beyond two years. Liberty's appeal requires us to interpret 19–A M.R.S. § 4007 (2007), which governs the relief that may be afforded in a protection from abuse matter. "The interpretation of a statute, including whether or not the statute requires a hearing, is an issue of law that we review de novo." *Connolly v. Connolly*, 2006 ME 17, ¶ 6, 892 A.2d 465, 466. In analyzing the meaning of a statutory provision, we first consider the plain language of the statute. *Id.* ¶ 6, 892 A.2d at 466–67. Only if that language is ambiguous do we consider any other indicia of the Legislature's intent in enacting the provision. *L'Heureux v. Michaud*, 2007 ME 149, ¶ 7, 938 A.2d 801, 803. Language is ambiguous if it can be subjected to multiple reasonable meanings. *Id.*

[¶ 7] Section 4007 provides that the court can issue a protection order "after a hearing and upon finding that the defendant has committed the alleged abuse," or based on an agreement reached by consent of both the plaintiff and the defendant in the absence of a hearing and finding of abuse. 19–A M.R.S. § 4007(1). We recently interpreted section 4007: "[T]he import of section 4007(1) is that a hearing is required in all cases except those in which the defendant agrees to a finding of abuse, or the plaintiff agrees to an order without a finding of abuse." *Connolly*, 2006 ME 17, ¶ 7, 892 A.2d at 467.

[¶ 8] Although the available record is limited, that record does reveal that Copp and Liberty were given an opportunity for a full evidentiary hearing, that they decided to forego such a hearing, and that they agreed to the entry of an extended protection order, including a finding of abuse and most of the relief provisions of the order. The primary issue about which the parties could not agree was the length of the extension.

[¶ 9] Subsection (2) of section 4007 regards the permitted duration of protection orders:

> 2. **Duration.** A protective order or approved consent agreement is for a fixed period not to exceed 2 years. At the expiration of that time, the court may extend an order, upon motion of the plaintiff, *for such additional time as it determines necessary to protect the plaintiff or minor child from abuse.* The court may continue the order in effect until the hearing under section 4006, subsection 1 on the motion to extend. Upon motion by either party, for sufficient cause, the court may modify the order or agreement from time to time as circumstances require.

19–A M.R.S. § 4007(2) (emphasis added). The plain language of section 4007(2) provides that an initial protection order can be issued for a maximum of only two years. The language goes on to provide that once the initial protection period of up to two years has expired, the court is granted broad discretion to extend an order "for such additional time as it determines necessary to protect the plaintiff or minor child from abuse." 19–A M.R.S. § 4007(2). Section 4007(2) provides for no limitations on this "additional time." Thus, section 4007(2) is not ambiguous, and we interpret

---

Liberty asserts that he agreed only to an extension of the order in the absence of a finding of abuse. Nevertheless, the court's order on the statement of the facts, which is the final source of facts for our review, recalls the parties' agreement that the order would be issued *with* a finding of abuse. Thus, based on the state of the record before us, we defer to the court's finding as a factual matter that Liberty consented to a finding of abuse.

its plain language to permit an extension of a protection order beyond a two-year period when supported by a determination by the court that a longer period is "necessary to protect the plaintiff or minor child from abuse." 19–A M.R.S. § 4007(2).

[¶ 10] In this case, the six-year extension period expires around the time that the youngest child will reach the age of majority. The statute gives authority to the court to issue such an order if necessary to protect the plaintiff or minor children, even in the absence of both an evidentiary hearing and the defendant's agreement as to that term. Although the order could not have been extended in this case without a finding of abuse, to which the parties can and did agree, the relief afforded in a protection from abuse order is a matter within the court's broad discretion. *See L'Heureux*, 2007 ME 149, ¶ 11, 938 A.2d at 804.

[¶ 11] We are also not persuaded by Liberty's remaining contentions, that the court exceeded its discretion in denying his motion to disqualify Copp's attorney, and in denying his motion for recusal of the trial court judge. First, Liberty and Copp's agreement as to entry of a protection order obviated the need for any testimonial evidence, including that of Copp's attorney. Second, the two incidents to which the attorney might have been able testify occurred in July of 2004, well prior to entry of the initial protection order in January of 2005.

[¶ 12] Moreover, Liberty offers no specific incidents demonstrating partiality on the part of the trial court, other than unfavorable rulings in prior matters and the existence of a pending complaint against the judge. As we recently noted, "[t]he fact that a court has decided disputed issues of law and fact against a party is not, without more, evidence of [partiality]." *Estate of Lipin*, 2008 ME 16, ¶ 6, 939 A.2d

107, 109. Furthermore, the Maine Code of Judicial Conduct, as well as its accompanying advisory committee notes, make clear that the mere fact of the filing of a complaint against a judge "does not . . . automatically require the judge to disqualify himself or herself." M. Code Jud. Conduct 3(E)(4) & advisory committee's note, Me. Rptr. 762–769 A.2d CXIII.

The entry is:

Judgment affirmed.

LEVY, J., concurring.

[¶ 13] Although I agree with the majority that the plain language of 19–A M.R.S. § 4007(2) (2007) permits a court to extend a protection from abuse order for a period in excess of two years, I write separately to emphasize that such relief should be granted only in extraordinary circumstances.

[¶ 14] The protection from abuse statute serves the important purpose of providing expeditious relief to parties experiencing domestic violence. *See* 19–A M.R.S. § 4001(2), (3) (2007). As a part of that relief, the court may enter immediate ex parte orders after a complaint is filed, 19–A M.R.S. § 4006(2) (2007), and must hold a final hearing on the complaint in a matter of weeks, 19–A M.R.S. § 4006(1) (2007). In its protection from abuse order, the court may award "some or all *temporary* parental rights and responsibilities with regard to minor children" and/or "*temporary* rights of contact with regard to minor children." 19–A M.R.S. § 4007(1)(G) (2007) (emphasis added); *see also* 19–A M.R.S. § 4006(2), (5) (providing that court may make an award of parental rights and responsibilities in its interim order).

[¶ 15] The extension of the protection from abuse order in this case is for a period of six years, thereby foreclosing

Liberty from having any contact with his children until all have reached the age of majority. This provision serves, in effect, as a separate determination of parental rights and responsibilities entered by a court other than the divorce court in this matter. However, as we indicated in a recent case, *Preston v. Tracy*, 2008 ME 34, 942 A.2d 718, proceedings for a determination of parental rights and responsibilities pursuant to 19–A M.R.S. § 1653 (2007), and proceedings incident to a protection from abuse complaint involve different burdens of proof and processes and serve different purposes. Accordingly, absent extraordinary circumstances, courts should be hesitant to endorse an alternate avenue for a determination of parental rights and responsibilities entered outside of a proceeding pursuant to section 1653.

[¶ 16] In the present case, the proceedings on Copp's motion to extend the protection from abuse order were not recorded, and the parties have been unable to develop an agreed statement of the facts pursuant to M.R.App. P. 5(d). In addition, the record indicates that close to twenty motions were filed with the court throughout the proceedings on Copp's complaint for protection and subsequent motion to extend, highlighting the exceptionally contentious nature of the litigation in this case. Under these circumstances, we can assume that the court found the extraordinary circumstances necessary to justify such a lengthy extension of a protection from abuse order.