MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 101
Docket:        Sag-17-486
Argued:        June 14, 2018
Decided:       July 17, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JANE DOE[1]

v.

TIMOTHY TIERNEY

ALEXANDER, J.

[¶1]  Timothy Tierney appeals from a judgment of the District Court (West Bath, *Dobson, J.*) finding that the plaintiff, Jane Doe, "was abused by the defendant" and granting a two-year extension of a protection from abuse order to her.  19-A M.R.S. § 4007 (2017).  Tierney contends that the trial court erred or abused its discretion because it (1) considered evidence of events that preceded the issuance of the original protection from abuse order in deciding to extend that original order; and (2) did not give him sufficient notice of the issues to be addressed in the hearing on extension of the original order.  He also

---

[1]  To comply with federal law, we do not identify the plaintiff in this protection from abuse action and limit our description of events and locations to avoid revealing "the identity or location of the party protected under [a protection] order" as required by 18 U.S.C. § 2265(d)(3) (LEXIS through Pub. L. No. 115-196); *see J.C. v. J.H.*, 92 Mass. App. Ct. 224, 84 N.E.3d 26 (Mass. App. Ct. 2017).

2

argues that there was not sufficient evidence to justify extension of the protection from abuse order for two years, with the addition of prohibitions that, by federal law, 18 U.S.C. § 922(g)(8) (LEXIS through Pub. L. No. 115-196),[2] have the effect of prohibiting him from possessing firearms and that include an express directive prohibiting his possession of firearms.  We affirm.

---

[2] 18 U.S.C. § 922(g)(8) (LEXIS through Pub. L. No. 115-196) states:

**(g)** It shall be unlawful for any person—

. . . .

    **(8)** who is subject to a court order that—

        **(A)** was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

        **(B)** restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

        **(C)**

            **(i)** includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

            **(ii)** by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury

. . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## I. CASE HISTORY

[¶2]  The record establishes the following facts and procedural history. The plaintiff ended a several year relationship with the defendant in October 2016.

[¶3]  Stating that she was afraid of Tierney and that she was concerned by his continuing attempts to contact her, the plaintiff first filed a complaint for protection from abuse against Tierney on February 21, 2017.  That same day, the District Court (*Dobson, J.*) entered a temporary order for protection from abuse, 19-A M.R.S. § 4006(2) (2017), that included a provision explicitly prohibiting Tierney from possessing firearms or dangerous weapons.  19-A M.R.S. § 4006 (2-A)(B) (2017).  The prohibition on possession of firearms in the temporary order would have put Tierney on notice that firearms prohibitions can be at issue in protection from abuse proceedings.

[¶4]  In March 2017, the parties appeared in court for a final hearing on the complaint.  At the courthouse, the parties agreed to the entry of a six-month protective order without a finding of abuse.  *See* 19-A M.R.S. § 4007(1).  The agreed-to order, which was set to expire in September 2017, did not contain a finding that the defendant had abused the plaintiff, did not prohibit him from

4

possessing firearms, and did not contain provisions that would result in such a prohibition by operation of federal law.

[¶5]  The plaintiff filed a motion to extend the original protection from abuse order on August 18, 2017.  Her motion asserted that the extension was necessary because "the defendant ha[d] been stalking [her]."  The plaintiff included an affidavit with her motion that further described that she was seeking the extension based on the defendant's continued efforts to learn where she lived, who she was dating, and where she worked.

[¶6] On October 6, 2017, the plaintiff filed a motion to modify the original protection order to change the reference in that order to her place of employment—from which Tierney was barred during her work hours—to a different location in a different county.  The court granted the motion to modify that same day, prohibiting the defendant from being at the plaintiff's new place of employment.  The defendant was served with the amended protection from abuse order on October 17, 2017.

[¶7]  The court held a contested hearing on the motion to extend the protection from abuse order on November 3, 2017.  The plaintiff testified and called four witnesses.  The defendant testified and called one witness.

[¶8]  After considering the evidence, the court found that the plaintiff was "credible, fearful, and intimidated" by the actions of the defendant, which included "controlling behavior" and "obsessive texts and calls."  In addition, the court specifically found that the defendant had previously abused the plaintiff by threatening to kill any boyfriend she had.  Based on its finding of abuse, the court entered an order extending the protection order for two years and entered an order prohibiting the defendant from possessing firearms.  *See* 19-A M.R.S. § 4007(1)(A-1).  The order also prohibited Tierney from, among other things, threatening or harassing the plaintiff and "us[ing], attempt[ing] to use or threaten[ing to] use physical force that would reasonably be expected to cause bodily injury" to her.  The defendant did not file a motion for further findings of fact.  *See* M.R. Civ. P. 52.  He filed this appeal the same day.

## II.  LEGAL ANALYSIS

A.    Consideration of Events Supporting the Original Order

[¶9]   The defendant argues that the court's finding of abuse was improperly based solely on evidence of his behavior prior to the original protection order.  Specifically, he argues that the court relied on the statements he made regarding killing the plaintiff's boyfriends and his obsessive texts, calls, and controlling behavior—behavior that occurred prior to the issuance of

the original protection order—to support the two-year extension of the protection from abuse order.

[¶10] A court may extend a protection order by agreement of the parties or upon a finding that an extension is "necessary to protect the plaintiff or minor child from abuse." 19-A M.R.S. § 4007(2); *Gehrke v. Gehrke*, 2015 ME 58, ¶18, 115 A.3d 1252.

[¶11] When, as here, an extension of an original protection order entered by agreement and without a finding of abuse is sought prior to the expiration date of that original order, the court can grant the extension only when the court finds that, at some point, before or after the original order, there was, in fact, abuse. *Dyer v. Dyer*, 2010 ME 105, ¶ 11, 5 A.3d 1049 (explaining that a court may only extend a protection order by agreement of the parties or upon a finding of abuse). That abuse may have occurred before the time of the entry of the agreed-to order when the court specifically determines that, either because of the nature of the abuse or because of additional threats, concerns, or actions, the plaintiff has established that "additional time [is] necessary to protect the plaintiff or minor child from abuse." 19-A M.R.S. § 4007(2); *Dyer*, 2010 ME 105, ¶¶ 3-5, 11, 5 A.3d 1049 (holding that it is proper for a court to consider evidence of earlier abuse and the threat of continuing harm arising out

of earlier abuse in extending a protection order); *see also Gehrke*, 2015 ME 58, ¶19, 115 A.3d 1252.

> Evidence demonstrating a history of abuse, as defined by statute to include actual or attempted infliction of bodily injury or offensive physical contact, *see* 19-A M.R.S. § 4002(1)(A), and threats of such conduct made in an attempt to place another in fear of bodily injury, *see id.* § 4002(1)(B), is relevant and admissible to demonstrate that an extended order of protection is "necessary," *id.* § 4007(2).

*Gehrke*, 2015 ME 58, ¶ 19, 115 A.3d 1252.

[¶12]  In *Gehrke*, the defendant challenged the court's finding that an extension of a contested protection order was necessary to protect the plaintiff from abuse when there was little evidence of new abusive conduct since the last modification of the order. *Id.* ¶ 16.  We held that a plaintiff seeking an extension need not allege or prove new abuse but must demonstrate that additional time is necessary to protect him or her from abuse. *Id.* ¶ 18.  We noted, in that case, that the evidence of the abuse that supported the original order was essential to understand whether an extension of that order was necessary to protect the plaintiff from abuse. *Id.* ¶ 20; *see also Dyer*, 2010 ME 105, ¶ 11, 5 A.3d 1049.

[¶13]  Here, the plaintiff filed for an extension prior to the expiration of the initial six-month protection order.  Therefore, it was proper for the court to consider evidence of the conduct that supported the original order.

[¶14]  Based on evidence that the court found to be credible of the defendant's statements about threatening to kill any boyfriend the plaintiff may have and "his obsessive calls, texts and controlling behavior," the court found abuse.  The court further found that the plaintiff was "fearful and intimated," based, in part, on evidence of the defendant's conduct and inquiries to the plaintiff's friend subsequent to issuance of the original order.  That finding supported the determination that the two-year extension was necessary.

[¶15]  Although the court did not make other specific findings, in the absence of a motion for additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b), we will infer that the trial court made any necessary findings that would be supported by evidence in the record to support its ultimate conclusion.  *See Gehrke*, 2015 ME 58, ¶ 8, 115 A.3d 1252. The trial court did not err or abuse its discretion in finding abuse and extending the protection from abuse order.

B.    Notice of Issues to be Addressed

[¶16]  The defendant argues that he did not receive proper notice of the issues to be addressed at the extension hearing, because he did not know that the court could consider his conduct that led to the original protection order,

or that he could be deprived of his right to possess firearms should the court make a finding of abuse against him.[3]

[¶17] "In a procedural due process challenge, we must first determine whether the governmental action has resulted in a deprivation of life, liberty, or property." *Guardianship of Hughes*, 1998 ME 186, ¶ 9, 715 A.2d 919. If a deprivation has occurred, we must next determine what process is due under the Fourteenth Amendment. *Id.* The two essential elements of procedural due process are notice and an opportunity to be heard. *See Kirkpatrick v. City of Bangor,* 1999 ME 73, ¶ 15, 728 A.2d 1268.

[¶18] Here, the defendant was notified of, present at, and participated in the hearing on the motion to extend the protection from abuse order. He had the opportunity to present evidence concerning the abuse alleged by the plaintiff, and the court found that the evidence he presented in the form of witness testimony "didn't really contradict the plaintiff's witnesses' testimony." Further, the defendant did not object to the nature or scope of the evidence presented against him, and he did not assert to the court that the hearing and

---

[3] To the extent the defendant argues that he was without knowledge of the law that allows the court to issue an order prohibiting his right to possess firearms upon a finding of abuse, *see* 19-A M.R.S. § 4007(1)(A-1) (2017), this argument is without merit. *See State v. Goodenow*, 65 Me. 30, 33 (1876) ("Ignorance of the law excuses no one."). In addition, the temporary protection order that included a firearms prohibition put the defendant on notice that a firearms prohibition may be at issue in this matter.

any resulting order should be limited. Thus, his right to procedural due process was not violated. The plaintiff's motion to extend and her accompanying affidavit, the statute, and the initial temporary order gave the defendant sufficient notice of what he needed to defend against at the hearing.

C.    Sufficiency of the Evidence to Support the Extension

[¶19]   The appeal appears to challenge whether there was sufficient evidence to support the court's extension of the protection order for two years and the order prohibiting the defendant from possessing firearms. We do not find these arguments persuasive. The evidence discussed above is more than sufficient to support the extension of the order for an additional two years, including the prohibition on the possession of firearms. *See Walton v. Ireland*, 2014 ME 130, ¶ 22, 104 A.3d 883 ("We review a trial court's finding of abuse for clear error and will affirm a trial court's findings if they are supported by competent evidence in the record, even if the evidence might support alternative findings of fact.").

[¶20]  Even if the extended protection order had not included an explicit prohibition against the possession of firearms, that prohibition would have arisen by operation of federal law as a result of the provisions of the order that

prohibited the defendant from threatening, harassing, or stalking the plaintiff,[4] and that prohibited him from using, attempting to use, or threatening to use physical force against the plaintiff that would reasonably be expected to cause bodily injury. *See* 18 U.S.C. § 922(g)(8) (LEXIS through Pub. L. No. 115-196). The evidence presented to the court warranted issuance of an order containing these prohibitions. Consequently, the inclusion of an explicit firearms prohibition did not prejudice the defendant, because application of federal law would have had the same effect as a direct result of the other provisions of the order.

The entry is:

Judgment affirmed.

---

Misha C. Pride, Esq. (orally), Drummond & Drummond, LLP, Portland, for appellant Timothy Tierney

Caroline Y. Jova, Esq. (orally), Pine Tree Legal Assistance, Portland, for appellee Jane Doe

---

[4] The original order prohibited the defendant from stalking the plaintiff. The additional prohibitions described in the text were new in the extended order.