MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2022 ME 39
Docket:      Lin-21-283
Argued:      May 10, 2022
Decided:     June 28, 2022

Panel:       STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.*

PAT DOE[1]

v.

SAM ROE

CONNORS, J.

[¶1]  The principal question addressed in this appeal is whether any discovery is permitted in protection from abuse proceedings, and, if so, what limits, if any, should be imposed on such discovery.

[¶2]  Pat Doe appeals from an interlocutory order of the District Court (Wiscasset, *Rushlau, J.*) that (1) allowed discovery in a protection from abuse action instituted by Doe against Sam Roe and (2) granted in part and denied in part Doe's request for a discovery protective order pursuant to

---

* Although Justice Humphrey participated in the appeal, he retired before this opinion was certified.

[1] We use the pseudonyms Pat Doe and Sam Roe for the plaintiff and defendant, respectively, so as not to identify parties protected by protection from abuse orders.  *See Doe v. McLean*, 2020 ME 40, ¶ 1 n.1, 228 A.3d 1080; 18 U.S.C.S. § 2265(d)(3) (LEXIS through Pub. L. No. 117-130).  Here, both parties have protection from abuse orders against the other, so neither party will be identified.

2

M.R. Civ. P. 26(c).  Doe argues that the trial court erred as a matter of law in allowing any discovery in a protection from abuse action and that, to the extent the trial court had any discretion to permit discovery, it abused that discretion by partially denying Doe's request for a discovery protective order.[2]

[¶3]  We affirm the judgment.  As explained below, we conclude that discovery is not flatly prohibited in protection from abuse matters.  But by virtue of the nature of protection from abuse proceedings, discovery is rarely appropriate or necessary, and when it is, discovery must take place within strict parameters.  The trial court's approach here properly balanced the goal of expediting such proceedings and the potential that discovery requests could exacerbate the abuse alleged by the plaintiff against the infrequent need for a defendant to take limited, minimally intrusive discovery in order to understand and defend against the plaintiff's allegations.

## I.  BACKGROUND

[¶4]  The trial court record establishes the following facts and procedural history.  *See Doe v. Tierney*, 2018 ME 101, ¶ 2, 189 A.3d 756.

---

[2]  This matter involves both a temporary protection from abuse order and a discovery protective order issued pursuant to M.R. Civ. P. 26(c).  Although similarly named, these orders are distinct.

[¶5]   Pat Doe and Sam Roe have a history of filing complaints for protection from abuse against each other.  In 2020, Doe obtained a protection from abuse order against Roe in the District Court (Wiscasset), but she later dismissed it because she no longer felt threatened by him.  She later filed a protection from abuse complaint in the District Court (Biddeford), but it was dismissed after she failed to appear for the hearing.  Roe obtained a protection from abuse order against Doe in the District Court (Houlton) on June 15, 2021.

[¶6]   The instant action began on July 14, 2021, when Doe filed a complaint for protection from abuse against Roe, alleging that she was in immediate and present danger of abuse.  Doe further alleged, inter alia, that the abuse had been going on for five years, during which Roe had threatened her life, stalked and followed her, repeatedly called her place of employment, and stolen money from her friend.  The trial court (Wiscasset, *Martin, J.*) issued a temporary protection from abuse order that prohibited Roe from having any contact with Doe or entering her home or place of work.

[¶7]  After he was served, Roe filed a motion to continue the final hearing so that he could prepare and conduct discovery.  On July 28, 2021, the trial court (*Cashman, J.*) ordered a forty-nine-day continuance over Doe's objection.  Noting that Roe had included language in his motion referencing his need for

4

discovery, the trial court denied that portion of his motion because Roe had not filed a formal discovery request, and it commented that Roe could file "something" about discovery in the future.

[¶8]  Roe subsequently served a request for production of documents, asking that Doe produce financial records and law enforcement reports.  *See* M.R. Civ. P. 34.  Roe also served twenty-five interrogatories seeking information about the abuse, stalking behavior, and other allegations in the complaint, as well as various other topics such as Doe's previous substance abuse, her employment status, her earnings, and the identity of anyone with whom she lived.  *See* M.R. Civ. P. 33.  Doe subsequently filed a motion for a protective order pursuant to M.R. Civ. P. 26(c), in which she argued that allowing discovery would be contrary to the purpose of the protection from abuse statutes, *see* 19-A M.R.S. §§ 4001-4014 (2021),[3] and would cause an undue burden on plaintiffs.

[¶9]  On September 1, 2021, the trial court (*Rushlau, J.*) issued an order stating:

---

[3]  Title 19-A M.R.S. §§ 4011-4014 have since been amended, although the amendments are not relevant to this appeal.  *See* P.L. 2021, ch. 174, §§ 9-11 (effective Oct. 18, 2021) (codified at 19-A M.R.S. §§ 4013(1)(A)(9-F), (4)(A), 4014); P.L. 2021, ch. 293, § A-22 (effective June 21, 2021) (codified at 19-A M.R.S. § 4012(5)); P.L. 2021, ch. 432, §§ 1-2 (effective Oct. 18, 2021) (codified at 19-A M.R.S. § 4011(1), (4)).

[The protection from abuse statutes] neither expressly grant[] access to discovery [n]or expressly prohibit[] or limit[] access to discovery. In most cases[,] the short time span before hearing will make discovery impractical, even if authorized. In the present matter[,] the time between service of discovery and the hearing date is long enough that some amount of discovery might be accomplished. However, the Court will not allow discovery to proceed unless defendant satisfies the Court that justice requires that he have access to discovery in order to prepare for hearing.

The Court will not require the parties to negotiate about discovery as in an ordinary civil matter. The Court will instead schedule a Rule 26(g) conference by telephone at the earliest possible time.

[¶10] The trial court held the discovery conference the next day. Consistent with its order, the trial court noted at the conference that although discovery would be infeasible and unnecessary in most protection from abuse cases, limited discovery was appropriate in this case based on the previous protection from abuse orders between the parties and the complexity of Doe's stalking allegations. After reviewing and addressing each of Roe's discovery requests, the trial court granted in part and denied in part Doe's request for a protective order, ordering her to respond to thirteen of Roe's interrogatories. The court did not require her to respond to the other twelve interrogatories or to Roe's document requests, and then it ordered a continuance to provide Doe time to respond.

[¶11]  Doe filed a notice of appeal on September 8, 2021, along with a motion for leave to file an interlocutory appeal.  We (*Gorman, J.*) deferred ruling on the motion, requiring the parties to address in their briefing the reviewability of the trial court's interlocutory order.[4]

## II.  DISCUSSION

A.    **Doe's challenge to the availability of any discovery in protection from abuse proceedings falls within the collateral order exception to the final judgment rule.**

[¶12]  Before reaching the merits, we must address the interlocutory nature of this appeal.  Doe asserts that the appeal falls within the collateral order exception to the final judgment rule.  We agree.

[¶13]  The final judgment rule requires that, "[w]ith limited exceptions, a party may not appeal a decision until a final judgment has been rendered in the case." *Irving Oil Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶ 8, 91 A.3d 594 (alteration in original) (quotation marks omitted).  Although compliance with the final judgment rule is not a jurisdictional requirement, the rule conserves judicial resources, minimizes interference with the trial court, and advances other

---

[4]  After we issued the order permitting Doe's appeal to proceed, the trial court granted a request made by Doe to stay discovery pending resolution of the appeal.

salutary goals. *See id.*; *Maples v. Compass Harbor Vill. Condo. Ass'n*, 2022 ME 26, ¶ 15, 273 A.3d 358.

[¶14]  The trial court's order permitting discovery in this case is not a final judgment because it did not "fully decide[] and dispose[] of the entire matter pending before the court."  *Maples*, 2022 ME 26, ¶ 15, 273 A.3d 358 (quotation marks omitted); *see Lewellyn v. Bell*, 635 A.2d 945, 946-47 (Me. 1993).  Hence, this appeal is immediately reviewable only if it falls within one of our recognized exceptions to the final judgment rule.  *See Maples*, 2022 ME 26, ¶ 16, 273 A.3d 358; *Lewellyn*, 635 A.2d at 947.  Because Doe is the party seeking immediate review, she bears the burden of showing that one of the exceptions applies.  *See Maples*, 2022 ME 26, ¶ 16, 273 A.3d 358; *State v. Carrillo*, 2018 ME 84, ¶ 4, 187 A.3d 621.

[¶15]  The collateral order exception applies "when the appellant can establish that (1) the decision is a final determination of a claim separable from the gravamen of the litigation; (2) it presents a major unsettled question of law; and (3) it would result in irreparable loss of the rights claimed, absent immediate review."  *Bond v. Bond*, 2011 ME 105, ¶ 11, 30 A.3d 816 (quotation marks omitted).  Each of these requirements is met here.

8

[¶16]  First, whether discovery is available in a protection from abuse action is "a claim separable from the gravamen of the litigation" because resolution of the discovery issue has no bearing on the merits of Doe's complaint for protection from abuse.  Second, given the potential implications for future protection from abuse actions and the possibility that trial courts may come to different conclusions, this issue qualifies as a "major unsettled question of law" on which we have never spoken.  Finally, the rights claimed by Doe—namely that the protection from abuse statutes provide immunity from discovery and engender a right to prompt disposition of her complaint—would be irreparably lost in the absence of immediate review.[5]  *See Hamilton v. Drummond Woodsum*, 2020 ME 8, ¶ 2 n.2, 223 A.3d 904; *Salerno v. Spectrum Med. Grp., P.A.*, 2019 ME 139, ¶ 12, 215 A.3d 804; *Schelling v. Lindell*, 2008 ME 59, ¶ 8, 942 A.2d 1226; *Lord v. Murphy*, 561 A.2d 1013, 1015-16 (Me. 1989).  If discovery was unavailable and yet allowed to proceed, Doe

---

[5] Because we conclude that the collateral order exception to the final judgment rule applies, we do not reach Doe's argument that this appeal is reviewable because it falls within the death knell exception.  But our decision should not be read to imply that discovery orders, even in the context of actions for protection from abuse, will ordinarily fall within any exception to the final judgment rule. On the contrary, most individual discovery disputes do not present major unsettled questions of law and will ordinarily be remediable at the time of a final judgment. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108-09 (2009); *Pierce v. Grove Mfg. Co.*, 576 A.2d 196, 200 (Me. 1990); *Hanley v. Evans*, 443 A.2d 65, 66-67 (Me. 1982).  It is only the fact that Doe's appeal challenges whether discovery is permitted *at all* in protection from abuse actions, an important and unresolved issue, that makes the interlocutory order at issue in this case subject to immediate appeal.

would be permanently deprived of her claimed right to be free from that process. *Cf. Salerno*, 2019 ME 139, ¶ 12, 215 A.3d 804; *Schelling*, 2008 ME 59, ¶ 8, 942 A.2d 1226.

**B.     The trial court did not err as a matter of law in allowing discovery in a protection from abuse action and did not abuse its discretion in partially denying Doe's motion for a protective order.**

[¶17]  Doe argues that the structure and purpose of the protection from abuse process is inconsistent with the availability of any discovery.  Specifically, she contends that permitting discovery in a protection from abuse action would frustrate the overall purpose of the statutes, conflict with their strict deadlines, and allow contact between defendants and plaintiffs in violation of temporary protection from abuse orders.  In response, Roe argues that the Maine Rules of Civil Procedure expressly apply in proceedings on complaints for protection from abuse, that the trial court acted within its discretion in granting a continuance for purposes of discovery, and that discovery was necessary to respond to a complaint that did not put Roe on notice of the allegations against him.

[¶18]  We review issues of statutory interpretation de novo, evaluating a statute's plain meaning by considering the statute's text, the statute's subject matter, the purposes of the statutory scheme as a whole, and the consequences

of a particular interpretation. *Monteith v. Monteith*, 2021 ME 40, ¶ 23, 255 A.3d 1030; *Dickau v. Vt. Mut. Ins.*, 2014 ME 158, ¶¶ 19-22, 107 A.3d 621. We determine de novo whether a statute is ambiguous. *See Friends of Lamoine v. Town of Lamoine*, 2020 ME 70, ¶ 7, 234 A.3d 214. If the statute is unambiguous, we will base our interpretation only on its plain meaning. *See id.* If the statute is ambiguous such that its plain meaning cannot be discerned at this first step, we will then look to other indicia of legislative intent, such as the statute's legislative history. *See State v. Aboda*, 2010 ME 125, ¶ 10, 8 A.3d 719.

[¶19] The protection from abuse statutes, 19-A M.R.S. §§ 4001-4014, are contained in chapter 101 of Title 19-A. Section 4010(1) provides that "[u]nless otherwise indicated in this chapter, all proceedings must be in accordance with the Maine Rules of Civil Procedure." In construing this language, we have previously noted that "the Maine Rules of Civil Procedure apply to all proceedings brought under the chapter governing complaints for protection from abuse." *Doe v. Hills-Pettitt*, 2020 ME 140, ¶ 5 n.3, 243 A.3d 461; *see also Shaw v. Packard*, 2005 ME 122, ¶ 9, 886 A.2d 1287; *Christensen-Towne v. Dorey*, 2002 ME 121, ¶ 7, 802 A.2d 1010 ("The Rules of Civil Procedure apply to protection from harassment claims unless they are inconsistent with the statute."). There is no express indication in the language of the statutes that the

discovery rules contained in the Rules of Civil Procedure do not apply. *See* 19-A M.R.S. §§ 4001-4014.

[¶20]  On the other hand, traditional discovery is inconsistent with the structure and purpose of the protection from abuse statutes for two reasons. First, the protection from abuse process is "summary" in nature, *see Doe v. Forino*, 2020 ME 135, ¶ 15, 242 A.3d 1098, and is intended to "allow . . . victims of domestic abuse to obtain *expeditious and effective protection* against further abuse" and "provide protection by *promptly entering* and diligently enforcing court orders that prohibit abuse," 19-A M.R.S. § 4001(2)-(3) (emphasis added). *See also* L.D. 2458, Statement of Fact (114th Legis. 1990) ("The bill is designed to reflect clearly the position that the victims of domestic abuse need the *prompt* assistance of the courts and law enforcement agencies to overcome the abuse they are suffering . . . ." (emphasis added)).  Consequently, the statute provides that a hearing on a complaint for protection from abuse must be held within twenty-one days, 19-A M.R.S. § 4006(1), although a trial court may continue a matter beyond the twenty-one-day limit when justice requires, *see Shaw*, 2005 ME 122, ¶¶ 10-12, 886 A.2d 1287.  This twenty-one-day period is inconsistent with the timelines in the discovery rules because parties have thirty days to respond to most forms of discovery, including interrogatories,

requests for production of documents, and requests for admission. *See* M.R. Civ. P. 33(a), 34(b), 36(a).

[¶21] Second, there is the risk that discovery could be used as a means of continued abuse. Discovery can present a risk of harassment, *see Hanley v. Evans*, 443 A.2d 65, 66 (Me. 1982), and this risk is heightened in the context of a protection from abuse action. Such an outcome would contravene the express purposes of the protection from abuse statutes, which specify that the process is intended to provide "effective protection against further abuse" and "[t]o provide protection . . . by reducing the abuser's access to the victim." 19-A M.R.S. § 4001; *see also State v. Falcone*, 2000 ME 196, ¶ 7, 760 A.2d 1046 (noting that a narrow interpretation of "residence" would "contravene[] the express statutory purpose of protecting the victim").

[¶22] These inconsistencies[6]—along with the rule that the protection from abuse statutes must be construed liberally to protect victims of abuse, *see* 19-A M.R.S. § 4001; *State v. Blum*, 2018 ME 78, ¶ 19, 187 A.3d 566; *Dyer v. Dyer*,

---

[6] Doe also argues that the availability of attorney fees as a sanction for discovery violations, *see* M.R. Civ. P. 37; *Battryn v. Indian Oil Co.*, 472 A.2d 937, 939-41 (Me. 1984), is inconsistent with the rule in protection from abuse cases that a plaintiff can be ordered to pay attorney fees "only if a judgment is entered against the plaintiff after a hearing . . . and the court finds that the complaint is frivolous," 19-A M.R.S. § 4007(1)(L-1) (2021). This argument fails because even if there were a conflict between these two attorney fees provisions, it does not follow that the entire discovery process would be inapplicable.

2010 ME 105, ¶¶ 9-10, 5 A.3d 1049—lead us to conclude that discovery is not routinely available in protection from abuse actions.

[¶23]  This is not to say that discovery can *never* occur in a protection from abuse action, however.  Such a conclusion would not only ignore the express language of section 4010(1) incorporating the Maine Rules of Civil Procedure, but also the fact that, on rare occasions, discovery can be helpful and even necessary, such as in complex cases, cases in which relief involves financial or property matters, *see* 19-A M.R.S. § 4007(1), or when the complaint does not put the defendant sufficiently on notice to defend against its allegations.  Categorically precluding discovery would also run contrary to the basis of the notice pleading standard applied in all civil actions, including protection from abuse actions, *see Smith v. Hawthorne*, 2002 ME 149, ¶¶ 11-12, 804 A.2d 1133.  Under the notice pleading standard, "the purpose of the complaint is to provide the defendant with fair notice of the claim against him," but it is not required to include every detail necessary for a defendant to be prepared for trial.  *See Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264, 267 (Me. 1985).  This liberal pleading standard is made possible by the availability of broad discovery devices in the ordinary civil case that take up much of the role that was played by pleadings at common law.  *See* 2 Harvey & Merritt,

*Maine Civil Practice* § 8:1 at 353-54 (3d, 2020-2021 ed. 2020); *Richards v. Soucy*, 610 A.2d 268, 270 n.3 (Me. 1992) (noting that, according to the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), "'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures"); *Casco Bank & Tr. Co. v. Rush*, 348 A.2d 239, 241 (Me. 1975) (noting that it is a function of discovery, and not of a complaint, to provide a defendant with "all material details" of the allegations against them). If discovery were never available in protection from abuse actions, we would have no basis for applying the notice pleading standard to those cases.

[¶24] Accordingly, we conclude that, based on the language and purpose of the protection from abuse statutes, discovery can be available in a protection from abuse action, but only on rare occasions and if certain conditions are met.

[¶25] A party seeking discovery in a protection from abuse action cannot simply serve requests upon the other party as in other civil actions. Indeed, as a practical matter, the final hearing is ordinarily scheduled to be held before any answers to written discovery would be due. *See* 19-A M.R.S. § 4006(1); M.R. Civ. P. 33(a), 34(b), 36(a). Rather, a party in a protection from abuse action must petition the trial court for leave to conduct discovery before doing so and

should present such a petition in a prompt and timely manner to avoid delay. To obtain discovery, a party must show the trial court that justice requires that the party gain access to the materials sought and that the request is not intended to delay the proceedings or to intimidate, harass, or otherwise abuse the recipient of the requests. Only after these showings have been made may discovery proceed.

[¶26] In determining whether to permit discovery in an individual case, the trial court must be sensitive to the "reality and unpredictability" of abusive relationships. *See Dyer*, 2010 ME 105, ¶ 10, 5 A.3d 1049. Before ordering discovery, therefore, the trial court must ensure that the requested information is necessary and that discovery is not being used as a means of continued harassment and abuse. The trial court should scrutinize each discovery request to determine whether the information sought is needed for the party's preparation for the final hearing, the request would cause an undue burden on the opposing party or witness, or the request is designed simply to delay the final hearing.[7] The trial court may also shorten the time frames within which a

---

[7] Not all discovery requests present the same risk of harassment. For example, depositions present a higher risk of harassment than other discovery mechanisms and will rarely, if ever, be necessary in protection from abuse cases even though depositions might occur more quickly than other forms of discovery. *Compare* M.R. Civ. P. 30(b)(1), *with* M.R. Civ. P. 33(a).

16

party must respond, consistent with the purposes of the protection from abuse statutes. *See* M.R. Civ. P. 33(a), 34(b), 36(a).

[¶27] In the instant case, the trial court did not err as a matter of law in concluding that discovery is not flatly foreclosed in protection from abuse actions. Nor did the trial court abuse its discretion in permitting the specific discovery it allowed in this case. The trial court properly put the burden on Roe to show that discovery was necessary. After scrutinizing each of the requests, the trial court ordered Doe to respond to only thirteen of the interrogatories and did not require her to respond to any of Roe's document requests. In determining whether discovery would be permitted, the trial court appropriately considered the need for discovery given the complexity of the allegations and the parties' history of previous complaints, whether the interrogatories could be used as a means of harassment, and whether the information Roe sought could be important to his defense.[8]

[¶28] For example, the trial court did not require Doe to respond to interrogatory nineteen, which asked about her illegal drug use, or interrogatory

---

[8] In this case, the trial court examined each discovery request after Doe filed a motion for a protective order pursuant to M.R. Civ. P. 26(c). To expedite the process in protection from abuse proceedings and given that a conference will be required before any discovery is allowed, a party seeking discovery should simply file a motion requesting a conference, with the discovery requests appended. The court should then promptly hold the conference to review the requests without the necessity of a motion for a protective order.

twenty-three, which asked about the name of the person with whom Doe was living. Conversely, the trial court required Doe to answer interrogatory six, which asked for additional details as to when Roe had allegedly followed her. Like the other interrogatories that Doe was ordered to answer, this question was relevant to Roe's defense and would not put an undue burden on Doe or allow for continued harassment. Accordingly, the trial court's determination that Roe had met his burden of showing that justice required discovery on thirteen of his interrogatories was not an abuse of discretion.[9]

The entry is:

Judgment affirmed.

---

Melissa L. Martin, Esq. (orally), Pine Tree Legal Assistance, Portland, for appellant Pat Doe

Richard L. Rhoda, Esq., Houlton, and David J. Bobrow, Esq. (orally), Bedard & Bobow, P.C., Eliot, for appellee Sam Roe

Wiscasset District Court docket number PA-2021-89
FOR CLERK REFERENCE ONLY

---

[9] Doe further argues that the trial court (*Rushlau, J.*) abused its discretion because it misapprehended an earlier ruling of the trial court (*Cashman, J.*) on Roe's motion to continue as sanctioning discovery. Although the trial court (*Rushlau, J.*) did refer to the earlier ruling, it did so primarily to note that the discovery request had first been made at the motion-to-continue stage and that there was sufficient time to permit discovery in this case; the trial court did not base its decision to allow discovery entirely on the earlier ruling. Instead, it based its decision on the complexity of the allegations made by Doe, the nature of Roe's requests, and how relevant any answers to the requests would be to Roe's defense.